THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE RODRIGUEZ, Appellant. [824 NYS2d 536]—

Appeal from a judgment of the Oneida County Court (Barry M. Donalty, J.), rendered June 4, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously modified on the law by reversing that part convicting defendant of murder in the second degree and dismissing count two of the indictment and by vacating the sentence imposed for criminal possession of a weapon in the third degree and as a matter of discretion in the interest of justice by resentencing defendant to a determinate term of imprisonment of seven years on count five of the indictment to run concurrently with the sentence imposed on count four of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him following a dual jury trial of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), criminal possession of a weapon in the second degree (§ 265.03 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [4]). Defendant's contentions concerning the jury charge on the affirmative defense of duress (§ 40.00) are unpreserved for our review and in any event are without merit.

We agree with defendant, however, that County Court erred in submitting the depraved indifference murder count to the jury (*see People v Suarez*, 6 NY3d 202, 215 [2005]). The record establishes that the victim was shot twice in the head, stabbed six times in the neck, shoulder and abdomen, and struck 13 times in the head with a hammer, causing four skull fractures. Further, after the shootings, stabbings, and beatings, the victim was left alone in a burning house. As the Court of Appeals has (since the trial of the instant matter) noted, the "use of a weapon can never result in depraved indifference murder when, as here, there is a manifest intent to kill" (*People v Payne*, 3 NY3d 266, 271 [2004], *rearg denied* 3 NY3d 767 [2004]). Further, "the more the defendant shoots (or stabs or bludgeons) the victim, the more clearly intentional is the homicide" (*id.* at 272; *see Suarez*, 6 NY3d at 208-210; *People v Gonzalez*, 1 NY3d 464, 467-469 [2004]). We therefore modify the judgment by reversing that part convicting defendant of depraved indifference murder and dismissing count two of the indictment.

Additionally, as we noted in *People v Boyer* (31 AD3d 1136 [2006]), the indeterminate sentence imposed on the conviction

of criminal possession of a weapon in the third degree is illegal (*see* Penal Law § 70.02 [1] [c]; [2] [c]; § 265.02 [4]), and we therefore further modify the judgment by vacating the sentence imposed for criminal possession of a weapon in the third degree and resentencing defendant to a determinate term of imprisonment of seven years on count five of the indictment to run concurrently with the sentence imposed on count four (*see Boyer*, 31 AD3d at 1139; *see generally People v LaSalle*, 95 NY2d 827, 828-829 [2000]).

Finally, the sentence, as modified by this Court, is not unduly harsh or severe. Present—Hurlbutt, J.P., Gorski, Martoche and Pine, JJ.