THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DERRICK WILSON, Appellant. [823 NYS2d 814]—

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered October 23, 2000. The judgment convicted defendant, upon a jury verdict, of criminal possession of a controlled substance in the first degree and criminal possession of a controlled substance in the third degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a controlled substance in the first degree (Penal Law § 220.21 [1]) and criminal possession of a controlled substance in the third degree (§ 220.16 [1]). Defendant contends that Supreme Court erred in failing to charge the jury on the limited value of evidence of flight. The record establishes, however, that the charge concerning evidence of flight was requested by the People rather than defendant, and neither the People nor defendant objected when the court failed to give that charge. Defendant therefore failed to preserve his contention for our review (see CPL 470.05 [2]; People v Jiggetts, 23 AD3d 582 [2005], lv denied 6 NY3d 814 [2006]; People v John, 221 AD2d 564 [1995], lv denied 87 NY2d 922 [1996]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contentions that he was prejudiced by the court's charge on circumstantial evidence (see CPL 470.05 [2]; People v Pulley, 302 AD2d 899 [2003], lv denied 100 NY2d 565 [2003]), and that the prosecutor engaged in misconduct during summation (see CPL 470.05 [2]). In any event, those contentions are without merit. The court's charge conveyed the proper legal standard to the jury (see People v Horace, 277 AD2d 957 [2000], lv denied 96 NY2d 784 [2001]; see generally People v Sanchez, 61 NY2d 1022, 1024 [1984]), and any alleged prosecutorial misconduct during summation did not cause such substantial prejudice to defendant that he was denied due process of law (see People v Smith, 266 AD2d 889 [1999], lv denied 94 NY2d 907 [2000]).

We reject the further contention of defendant in his pro se

supplemental brief that the People failed to establish that he placed the cocaine in the drain pipe and thus that the evidence is legally insufficient to establish his possession of the cocaine. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621 [1983]), we conclude that the circumstantial evidence is legally sufficient to establish that defendant possessed the cocaine that was found in the drain pipe (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). We have reviewed the remaining contentions of defendant in his main brief and pro se supplemental brief and conclude that they are without merit. Present—Scudder, J.P., Martoche, Centra and Pine, JJ.