■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BERNARD KAIRIS, Appellant. [829 NYS2d 344]—

Appeal from a judgment of the Ontario County Court (James R. Harvey, J.), rendered March 30, 2005. The judgment convicted defendant, upon a jury verdict, of grand larceny in the fourth degree and possession of burglar's tools.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of grand larceny in the fourth degree (Penal Law § 155.30 [1]) and possession of burglar's tools (§ 140.35). By failing to object to County Court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his

contention that the *Sandoval* ruling constitutes an abuse of discretion (*see People v Alston*, 27 AD3d 1141 [2006], *lv denied* 6 NY3d 892 [2006]; *People v Brown*, 16 AD3d 1102, 1103 [2005], *lv denied* 5 NY3d 760 [2005]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). The court properly denied defendant's motion to sever the two counts of the indictment, which were joinable under CPL 200.20 (2) (b) (*see People v Murphy*, 28 AD3d 1096, 1097 [2006], *lv denied* 7 NY3d 759, 760 [2006]; *People v Vick*, 19 AD3d 321 [2005], *lv denied* 6 NY3d 782 [2006]). Based upon defendant's criminal history, we conclude that the court did not abuse its discretion in sentencing defendant as a persistent felony offender (*see People v O'Connor*, 6 AD3d 738, 740-741 [2004], *lv denied* 3 NY3d 645 [2004]), and we further conclude that the sentence is not unduly harsh or severe.

Contrary to the contention of defendant in his pro se supplemental brief, the court properly denied his motion to suppress his identification by the department store's loss prevention manager. Although the single photo identification procedure was unduly suggestive, the court properly determined that the loss prevention manager had an independent basis for her in-court identification of defendant (*see People v Rockwell*, 18 AD3d 969 [2005], *lv denied* 5 NY3d 768 [2005]). Finally, the further contention of defendant in his pro se supplemental brief that the People improperly withheld *Brady* or *Rosario* material is based upon matters outside the trial record and thus is not properly before us (*see People v Dukes*, 284 AD2d 236, 237 [2001], *lv denied* 97 NY2d 681 [2001]). Present—Hurlbutt, J.P., Gorski, Lunn, Peradotto and Green, JJ.