FOURTH DEPARTMENT, APRIL, 2007

(April 20, 2007)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DWIGHT GARRISON, Also Known as SNIPER, Appellant. [834 NYS2d 430]—

---

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered January 30, 2003. The judgment convicted defendant, upon a jury verdict, of murder in the second degree, attempted murder in the second degree, and assault in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified as a matter of discretion in the interest of justice and on the law by reversing that part convicting defendant of murder in the second degree and dismissing count two of the indictment and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]), attempted murder in the second degree (§§ 110.00, 125.25 [1] [intentional murder]), and assault in the first degree (§ 120.10 [1]). The conviction arises out of defendant's participation in an incident wherein a series of shots were fired at one victim, who died, and then additional shots were fired at a second victim. We agree with defendant that the conviction of depraved indifference murder must be set aside as unsupported by legally sufficient evidence of recklessness and depraved indifference. Although defendant failed to preserve his contention for our review (see People v Gray, 86 NY2d 10, 19 [1995]), we exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]; People v Packer, 31 AD3d 1169, 1170 [2006], lv denied 7 NY3d 869 [2006]). Here, the trial evidence establishes defendant's use of a weapon with a "manifest intent to kill" the victim, thus negating the essential elements of recklessness and depraved indifference and rendering the evidence legally insufficient to support a conviction of depraved indifference murder (People v Payne, 3 NY3d 266, 271 [2004], rearg denied 3 NY3d 767 [2004]; see People v Suarez, 6 NY3d 202, 208-216 [2005]; People v Gonzalez, 1 NY3d 464, 466-468 [2004]). It is "obvious that the more the defendant shoots . . . the victim, the more clearly intentional is the homicide," and the less "indifferent" it is (Payne, 3 NY3d at 272; see generally Suarez, 6 NY3d at 208-210; Gonzalez, 1 NY3d at 467-469). Further, the Court of Appeals has stated that a "one-on-one" shoot-

ing, as was the case here, can "almost never" qualify as depraved indifference murder (*Payne*, 3 NY3d at 272). We therefore modify the judgment by reversing that part convicting defendant of murder in the second degree and dismissing count two of the indictment (*see id.* at 273; *People v Gonzalez*, 302 AD2d 870, 872 [2003], *affd* 1 NY3d 464, 469 [2004]; *People v Hawthorne*, 35 AD3d 499, 501 [2006]; *People v Rodriguez*, 34 AD3d 1181, 1182 [2006]; *see also* CPL 470.15 [2] [b]; 470.20 [2], [3]; *see generally People v McMillon*, 31 AD3d 136, 140 [2006], *lv denied* 7 NY3d 815 [2006]).

In view of our determination, we need not address the contention of defendant that the verdict finding him guilty of depraved indifference murder is against the weight of the evidence on the elements of recklessness and depraved indifference (*see People v Lawhorn*, 21 AD3d 1289, 1291 [2005]). We conclude, however, that the evidence is legally sufficient to establish defendant's identity as one of the shooters (*see People v Little*, 23 AD3d 1117, 1118 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Quinney*, 305 AD2d 1044 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Spirles*, 294 AD2d 810, 810-811 [2002], *lv denied* 98 NY2d 713, 99 NY2d 540 [2002]), and that the verdict is not against the weight of the evidence with respect to the issue of identification (*see People v Coleman*, 32 AD3d 1239 [2006]; *Quinney*, 305 AD2d at 1044; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Contrary to the contention of defendant, Supreme Court did not err in admitting the out-of-court declarations of the complainant as excited utterances (*see generally People v Johnson*, 1 NY3d 302, 306 [2003]; *People v Vasquez*, 88 NY2d 561, 579 [1996]; *People v Brown*, 70 NY2d 513, 518 [1987]; *People v Edwards*, 47 NY2d 493, 497 [1979]). Nor was defendant denied effective assistance of counsel. The evidence, the law, and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally People v Flores*, 84 NY2d 184, 187 [1994]; *People v Baldi*, 54 NY2d 137, 147 [1981]). We likewise reject defendant's contention that the sentence is unduly harsh or severe and, in view of our determination, we do not address defendant's remaining contention.

Finally, we note that the certificate of conviction incorrectly reflects that defendant was convicted of attempted murder in the second degree under Penal Law §§ 110.00 and 125.25 (2), and it must therefore be amended to reflect that he was convicted under Penal Law §§ 110.00 and 125.25 (1) (*see People v Saxton*, 32 AD3d 1286 [2006]; *People v Benson*, 265 AD2d 814,

816 [1999], *lv denied* 94 NY2d 860 [1999], *cert denied* 529 US 1076 [2000]).

All concur except Smith and Lunn, JJ., who dissent in part and vote to affirm in the following memorandum.

Smith and Lunn, JJ. (dissenting in part). We respectfully dissent in part because we cannot agree with the majority that the judgment should be modified by reversing that part convicting defendant of depraved indifference murder (Penal Law § 125.25 [2]). The majority correctly acknowledges that defendant failed to preserve for our review his contention that the evidence with respect to the issues of recklessness and depraved indifference is legally insufficient to support the conviction of that crime and, unlike the majority, we see no reason to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]; *see e.g. People v Robinson*, 21 AD3d 1413 [2005], *lv denied* 5 NY3d 885 [2005]; *People v Grant*, 17 AD3d 695 [2005], *lv denied* 5 NY3d 762 [2005]; *People v Gutierrez*, 15 AD3d 502 [2005], *lv denied* 5 NY3d 763 [2005]).

In our view, there is a valid line of reasoning and permissible inferences that could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and "as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987]). "The standard for reviewing the legal sufficiency of evidence in a criminal case is whether 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt' " (*People v Contes*, 60 NY2d 620, 621 [1983], quoting *Jackson v Virginia*, 443 US 307, 319 [1979]; *see People v Taylor*, 94 NY2d 910, 911 [2000]; *People v Cabey*, 85 NY2d 417, 420-421 [1995]).

The record before us establishes that decedent's death was caused by a gunshot to the head, fired at close range. The shooting took place in the small, enclosed foyer of a house, and five or six people were located in proximity to defendant at that time. There is no indication that defendant had any animosity toward decedent or any other motive to cause his death. Defendant, decedent and the other victim were together in the kitchen of the house for a period of time. No words were exchanged and there were no threatening gestures or other indications of hostility. After they had been in the kitchen for approximately five minutes, defendant and two of his associates moved to the foyer, where they spoke with a fourth man near the front door that opened into the foyer. The victims began to leave the residence through that door rather than exiting through the kitchen, thus

circumstantially establishing that decedent had no unsettled quarrels with defendant. At some point after the victims entered the foyer, still without any verbal exchanges among defendant, his associates or the victims, defendant apparently nudged decedent against a wall in the foyer, causing decedent to smile. Without provocation, defendant raised a gun, which discharged, and the projectile struck decedent in the head. Additional shots were fired during the ensuing melee, striking both victims. Although the record is silent with respect to the origin of the other shots that struck decedent, the evidence establishes that at least one additional weapon was discharged during the incident.

Based on that evidence, the jury could reasonably have found that defendant did not intend to kill decedent, but that he acted with " 'an utter disregard for the value of human life—a willingness to act not because one intends harm, but because one simply doesn't care whether grievous harm results or not' " (*People v Feingold*, 7 NY3d 288, 296 [2006]). The evidence establishes that defendant acted spontaneously, and there is no evidence of motive or prior negative contact between defendant and the victims (*see People v Campbell*, 33 AD3d 716 [2006]). In addition, in light of the confined quarters in the foyer and the number of people there, it was unquestionably reckless to brandish a loaded weapon. Furthermore, given the absence of testimony that defendant said anything to decedent at the time of the shooting, or even that he was looking at decedent, there is no evidence of a manifest intent to kill decedent.

The contention of defendant that he must have intended to shoot decedent because decedent was shot in the head at point-blank range is without merit. Indeed, we have previously upheld a depraved indifference murder conviction involving similar facts (*see People v Williams*, 5 AD3d 1043, 1044 [2004], *lv denied* 2 NY3d 809 [2004]), and the Third Department also has upheld such a conviction in a case involving a shooting at point-blank range, stating that, "[a]bsent a subjective intent to shoot to kill, the circumstances surrounding the shooting in this case evince a recklessness with a depraved indifference to human life" (*People v Thompson*, 233 AD2d 755, 757 [1996], *lv denied* 89 NY2d 1102 [1997]).

We cannot agree with the majority's conclusion that "the trial evidence establishes defendant's use of a weapon with a 'manifest intent to kill' the victim . . . ." As previously noted, there is no evidence that would suggest that defendant had any reason or intent to kill decedent. Significantly, the record is silent with respect to whether defendant fired the other two

shots that struck decedent, and it is uncontroverted that at least one additional weapon was fired. Thus, the jury could reasonably have found that defendant was only responsible for the first shot, thereby negating the multiple shot theory.

Although there is "a point at which the risk of death or risk of serious bodily injury approaches a certainty, and it defies logic to charge or to make a finding of depraved indifference," this is not such a case (*People v Sanchez*, 98 NY2d 373, 393 [2002]). Here, the issue whether defendant's conduct was reckless or intentional was for the jury to resolve, and we conclude that the evidence in this case supports a mens rea other than an intent to kill (*see People v Hall*, 309 AD2d 511 [2003], *lv denied* 1 NY3d 572, 3 NY3d 641 [2003]; *see generally People v Caruso*, 6 AD3d 980, 984 [2004], *lv denied* 3 NY3d 704 [2004]).

In view of its decision, the majority did not address defendant's contention that the evidence before the grand jury was legally insufficient with respect to the depraved indifference murder count. We conclude that defendant's contention is not properly before us on this "appeal from [a] judgment of conviction based upon legally sufficient trial evidence" (CPL 210.30 [6]; *see People v Taylor*, 225 AD2d 640 [1996], *lv denied* 88 NY2d 943 [1996]).

We further conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). "Where, as here, witness credibility is of paramount importance to the determination of guilt or innocence, [we] must give '[g]reat deference . . . [to the] fact-finder's opportunity to view the witnesses, hear the testimony and observe demeanor' " (*People v Harris*, 15 AD3d 966, 967 [2005], *lv denied* 4 NY3d 831 [2005], quoting *Bleakley*, 69 NY2d at 495). Although we agree with defendant that a different finding would not have been unreasonable, we conclude upon weighing " 'the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony' " that the jury did not fail to give the evidence the weight it should be accorded (*Bleakley*, 69 NY2d at 495). We agree with the majority's resolution of the remaining issues raised on appeal, and we therefore would affirm the judgment. Present—Martoche, J.P., Smith, Centra, Lunn and Fahey, JJ.