■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT J. WILLIAMS, Appellant. [845 NYS2d 768]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered June 7, 2005. The judgment convicted defendant, upon a jury verdict, of felony driving while intoxicated, unlawful hunting of a deer with a spotlight, and unlawful taking of an antlerless deer.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of felony driving while intoxicated (Vehicle and Traffic Law § 1192 [3]; § 1193 [1] [c] [i]), unlawful

hunting of a deer with a spotlight (ECL 11-0901 [4] [b] [2]), and unlawful taking of an antlerless deer (ECL 11-0907 [1] [a]). Contrary to the contention of defendant, the evidence is legally sufficient to establish his identity as the shooter with respect to the unlawful hunting of a deer with a spotlight and the unlawful taking of an antlerless deer (*see People v Garrison*, 39 AD3d 1138, 1140 [2007], *lv denied* 9 NY3d 844 [2007]; *People v Little*, 23 AD3d 1117, 1118 [2005], *lv denied* 6 NY3d 777 [2006]; *People v Quinney*, 305 AD2d 1044 [2003], *lv denied* 100 NY2d 586 [2003]). Further, the verdict is not against the weight of the evidence with respect to those counts, nor is it against the weight of the evidence with respect to the count of felony driving while intoxicated (*see People v Shank*, 26 AD3d 812, 814 [2006]; *People v Michalak*, 26 AD3d 886 [2006]; *Quinney*, 305 AD2d at 1044; *see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Coleman*, 32 AD3d 1239, 1240 [2006], *lv denied* 8 NY3d 844 [2007]) and, in any event, that contention lacks merit. The prosecutor's remarks constituted fair comment on the evidence or a fair response to defense counsel's summation (*see Coleman*, 32 AD3d at 1240; *People v Diggs*, 24 AD3d 1261 [2005], *lv denied* 6 NY3d 812 [2006]; *see generally People v Halm*, 81 NY2d 819, 821 [1993]). Also contrary to defendant's contention, the prosecutor's summation reaffirmed rather than diminished the People's burden of proof (*see People v James*, 289 AD2d 3 [2001], *lv denied* 97 NY2d 755 [2002]). Inasmuch as we have concluded that there was no prosecutorial misconduct, we further reject defendant's contention that defense counsel's failure to object to those alleged instances of prosecutorial misconduct constituted ineffective assistance of counsel (*see generally People v Taylor*, 1 NY3d 174, 176-178 [2003]). In any event, upon our review of the record, we conclude that defense counsel provided meaningful representation to defendant over the course of the trial (*see People v Anderson*, 24 AD3d 460 [2005], *lv denied* 6 NY3d 831 [2006]; *see generally People v Baldi*, 54 NY2d 137, 147 [1981]). Present—Gorski, J.P., Smith, Centra, Fahey and Pine, JJ.