■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD T. JACKSON, Appellant. [847 NYS2d 800]—

Appeal from a judgment of the Genesee County Court (Robert C. Noonan, J.), rendered April 10, 2006. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and criminal mischief in the fourth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of burglary in the second degree (Penal Law § 140.25 [2]) and criminal mischief in the fourth degree (§ 145.00 [1]). Defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his intent to commit the crimes of which he was convicted (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit. According to the testimony of the victim at trial, she heard loud banging and the sound of glass shattering in her apartment in the early morning, and defendant then entered her bedroom and punched her in the face and head. The testimony of the victim and her neighbors established that her front door was broken. The jury was entitled to infer therefrom that defendant entered the apartment of the victim with the intent to assault her, and that he intended to break the door in order to gain entry into the apartment (*see generally People v Gianni*, 303 AD2d 1012 [2003], *lv denied* 100 NY2d 581 [2003]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]).

Defendant failed to object to County Court's ultimate *Sandoval* ruling and thus failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Alston*, 27 AD3d 1141, 1141-1142 [2006], *lv denied* 6 NY3d 892 [2006]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct on summation (*see*

*People v Williams*, 43 AD3d 1336 [2007]; *People v Wilson*, 34 AD3d 1276 [2006], *lv denied* 8 NY3d 886 [2007]). In any event, the prosecutor's remarks were fair response to defense counsel's summation (*see Williams*, 43 AD3d at 1337; *People v Melendez*, 11 AD3d 983, 984 [2004], *lv denied* 4 NY3d 888 [2005]). Finally, the sentence is not unduly harsh or severe. Present—Hurlbutt, J.P., Smith, Centra, Green and Pine, JJ.