THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JIMMY DEAN RUSSELL, Appellant. [857 NYS2d 397]—

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered January 30, 2006. The judgment convicted defendant, after a jury trial, of sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury trial, of sexual abuse in the first degree (Penal Law § 130.65 [3]) and endangering the welfare of a child (§ 260.10 [1]). We reject defendant's contention that County Court abused its discretion in failing, sua sponte, to order a CPL article 730 examination. There is no indication in the record that defendant could not understand the proceedings or assist in his own defense (*see People v Taylor*, 13 AD3d 1168 [2004], *lv denied* 4 NY3d 836 [2005]; *People v Graham*, 272 AD2d 479 [2000], *lv denied* 95 NY2d 865 [2000]; *see generally People v Tortorici*, 92 NY2d 757, 765-766 [1999], *cert denied* 528 US 834 [1999]). By failing to object to the court's ultimate *Sandoval* ruling, defendant failed to preserve for our review his contention that the court's *Sandoval* ruling constitutes an abuse of discretion (*see People v Jackson*, 46 AD3d 1408 [2007]; *People v Kairis*, 37 AD3d 1070, 1070-1071 [2007], *lv denied* 9 NY3d 846 [2007]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Defendant also failed to preserve for our review his contention that the evidence is legally insufficient to establish that he had sexual contact with the victim, to support the conviction of either crime (*see People v Gray*, 86 NY2d 10, 19 [1995]). In any event, his contention is without merit. The sworn testimony of the victim that defendant touched her breast until she told him to stop doing so is legally sufficient to support the conviction of each crime (*see People v Stickles*, 267 AD2d 604, 605 [1999], *lv dismissed* 95 NY2d 839 [2000]; *People v Danza*, 127 AD2d 781 [1987], *lv denied* 69 NY2d 879 [1987]). Also contrary to defendant's contention, the verdict is not against the weight of the evidence (*see generally People v*

*Bleakley,* 69 NY2d 490, 495 [1987]). Although the testimony of the victim was uncorroborated, the jury nevertheless was entitled to credit that testimony over that of defendant (*see generally id.*).

Defendant failed to preserve for our review his further contention that he was deprived of a fair trial by prosecutorial misconduct during the direct testimony of the victim and on summation (*see People v Williams,* 43 AD3d 1336, 1337 [2007]; *People v Gates,* 6 AD3d 1062, 1063 [2004], *lv denied* 3 NY3d 659 [2004]). "In any event, '[w]e do not believe that the cumulative effect of the asserted instances of misconduct on the part of the prosecutor prejudiced the verdict and deprived defendant of a fair trial' and thus reversal is not required" (*Gates,* 6 AD3d at 1063; *see People v Cohen,* 302 AD2d 904, 905 [2003]). Based on the record before us, we conclude that defendant was not denied effective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147 [1981]). Defendant failed to preserve for our review his contention that he was penalized at sentencing for asserting his right to a trial (*see People v Hurley,* 75 NY2d 887 [1990]; *People v Irrizarry,* 37 AD3d 1082, 1083 [2007], *lv denied* 8 NY3d 946 [2007]) and, in any event, that contention is without merit (*see Irrizarry,* 37 AD3d at 1083; *People v Smith,* 21 AD3d 1277, 1278 [2005], *lv denied* 7 NY3d 763 [2006]). Finally, the sentence is not unduly harsh or severe. Present—Smith, J.P., Lunn, Fahey, Pine and Gorski, JJ.