■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL D. SEELER, Appellant. [880 NYS2d 425]—

Appeal from a judgment of the Supreme Court, Monroe County (Francis A. Affronti, J.), rendered April 11, 2006. The judgment convicted defendant, upon a jury verdict, of murder in the second degree (two counts) and robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count of robbery in the first degree (§ 160.15 [1]). Contrary to the contention of defendant, Supreme Court properly denied his request to charge manslaughter in the first degree (§ 125.20 [1]) and manslaughter in the second degree (§ 125.15 [1]) as lesser included offenses of murder in the second degree. The evidence established that defendant shot the victim twice in the back of the head at close range, and there is thus no reasonable view of the evidence that defendant intended to cause serious physical injury to the victim but not to kill him (see § 125.20 [1]; People v Ramsey, 59 AD3d 1046 [2009]; People v Tyler, 43 AD3d 633, 634 [2007], lv denied 9 NY3d 1010 [2007]; People v Wheeler, 257 AD2d 673 [1999], lv denied 93 NY2d 930 [1999]; see generally People v Miller, 6 NY3d 295, 302 [2006]; People v Glover, 57 NY2d 61, 63 [1982]). There is also no reasonable view of the evidence that defendant engaged in reckless rather than intentional conduct (see Penal Law § 125.15 [1]; People v Ware, 303 AD2d 173 [2003], lv denied 100 NY2d 543 [2003]).

We reject the further contention of defendant that he was denied a fair trial by prosecutorial misconduct during summation. The comments by the prosecutor concerning the prosecution witnesses were fair comment in response to defense counsel's summation (see People v Halm, 81 NY2d 819, 821 [1993]; People v Pepe, 259 AD2d 949, 950 [1999], lv denied 93 NY2d 1024 [1999]). We agree with defendant that the comment by the prosecutor that defendant's testimony was a "fabrication" was improper (see People v Fiori, 262 AD2d 1081 [1999]; People v Bonilla, 170 AD2d 945 [1991], lv denied 77 NY2d 904 [1991]). That single instance of misconduct, however, did not deprive defendant of a fair trial (see generally People v Moore, 41 AD3d 1149, 1151-1152 [2007], lv denied 9 NY3d 879 [2007],

*reconsideration denied* 9 NY3d 992 [2007]; *People v Wilson*, 34 AD3d 1276 [2006], *lv denied* 8 NY3d 886 [2007]; *People v Walker*, 234 AD2d 962, 963 [1996], *lv denied* 89 NY2d 1042 [1997]). Finally, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Martoche, J.P., Smith, Centra, Fahey and Pine, JJ.