# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

806

KA 09-00043

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

DWAYNE D. WRIGHT, DEFENDANT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR DEFENDANT-APPELLANT.

SCOTT D. MCNAMARA, DISTRICT ATTORNEY, UTICA (STEVEN G. COX OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Oneida County Court (Michael L. Dwyer, J.), rendered July 17, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree (three counts), robbery in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing that part convicting defendant of robbery in the second degree under count four of the indictment and dismissing that count and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of three counts of robbery in the first degree (Penal Law § 160.15 [2] – [4]) and one count each of robbery in the second degree (§ 160.10 [2] [b]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). Defendant failed to preserve for our review his contention that the third and fourth counts of the indictment are duplicitous (*see People v Sponburgh*, 61 AD3d 1415, *lv denied* 12 NY3d 929). In any event, that contention is without merit inasmuch as "[e]ach count of [the] indictment . . . charge[s] one offense only" (CPL 200.30 [1]; *see generally People v Keindl*, 68 NY2d 410, 417*, rearg denied* 69 NY2d 823). We agree with defendant, however, that the fourth count of the indictment, charging defendant with robbery in the second degree (Penal Law § 160.10 [2] [b]), is an inclusory concurrent count of robbery in the first degree as charged in the third count of the indictment (§ 160.15 [4]), and thus should be dismissed. Although defendant correctly concedes that he failed to preserve that contention for our review, we note that preservation is not required and thus that count four "must be dismissed as a matter of law because a verdict of guilty upon the greater [count] is deemed a dismissal of every lesser [inclusory concurrent count]" (*People v Rodrigues*, 74 AD3d 1818, 1819, *lv denied* 15 NY3d 809, *cert denied* ___

US ___, 131 S Ct 1505 [internal quotation marks omitted]; *see* CPL 300.40 [3] [b]; *People v Skinner*, 211 AD2d 979, 980, *lv denied* 86 NY2d 741).  We therefore modify the judgment accordingly.

Defendant failed to preserve for our review his contention that he was denied a fair trial based upon two instances of alleged prosecutorial misconduct on summation (*see* CPL 470.05 [2]; *People v Hill*, 82 AD3d 1715) and, in any event, that contention is without merit.  The statement of the prosecutor in which he addressed the reason for the absence of a particular item of physical evidence from the evidence inventory was a "fair response to defense counsel's summation" (*People v Anderson*, 52 AD3d 1320, 1321, *lv denied* 11 NY3d 733), and it " 'did not exceed the broad bounds of rhetorical comment permissible in closing argument' " (*People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854, quoting *People v Galloway*, 54 NY2d 396, 399).  Although we agree with defendant that the reference by the prosecutor to defendant's parole status was improper in light of County Court's ruling concerning such status, we conclude that defendant was not deprived of a fair trial by that single instance of misconduct (*see generally Galloway*, 54 NY2d at 401; *People v Seeler*, 63 AD3d 1595, 1596-1597, *lv denied* 13 NY3d 838).

We reject the further contention of defendant that the court's *Sandoval* ruling constitutes an abuse of discretion.  The record establishes that the court, upon properly weighing the probative value of defendant's prior convictions against their potential for prejudice (*see People v Freeney*, 291 AD2d 913, 914, *lv denied* 98 NY2d 637), ruled that the People were limited to cross-examining defendant only with respect to the fact that he had two prior felony convictions (*see generally People v Hayes*, 97 NY2d 203, 207-208).  We likewise reject defendant's contention that he was denied effective assistance of counsel (*see generally People v Baker*, 14 NY3d 266, 270-271; *People v Baldi*, 54 NY2d 137, 147).  We further conclude that the evidence is legally sufficient to support defendant's conviction of the three counts of robbery in the first degree and the count of criminal possession of a weapon in the third degree (*see generally People v Bleakley*, 69 NY2d 490, 495) and, viewing the evidence in light of the elements of those crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Finally, we reject defendant's contention that the sentence is unduly harsh and severe, and we note that he failed to preserve for our review his further contention that the sentence imposed constitutes cruel and unusual punishment (*see People v Reese*, 31 AD3d 582, *lv denied* 7 NY3d 851).  In any event, that further contention lacks merit.  Defendant's sentence is not " 'grossly disproportionate to the crime' " and thus does not constitute cruel and unusual punishment (*People v Holmquist*, 5 AD3d 1041, 1042, *lv denied* 2 NY3d

800; *see generally People v Thompson*, 83 NY2d 477, 479-480).

Entered:  June 10, 2011                          Patricia L. Morgan
                                                 Clerk of the Court