# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1028

CAF 13-02021

PRESENT: SMITH, J.P., PERADOTTO, VALENTINO, WHALEN, AND DEJOSEPH, JJ.

IN THE MATTER OF SHANNON F.,
RESPONDENT-APPELLANT.

------------------------------

MEMORANDUM AND ORDER

ONONDAGA COUNTY ATTORNEY,
PETITIONER-RESPONDENT.

SUSAN B. MARRIS, ATTORNEY FOR THE CHILD, MANLIUS, FOR RESPONDENT-APPELLANT.

GORDON J. CUFFY, COUNTY ATTORNEY, SYRACUSE (POLLY E. JOHNSON OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Onondaga County (Michele Pirro Bailey, J.), entered October 29, 2013 in a proceeding pursuant to Family Court Act article 3. The order adjudged that respondent is a juvenile delinquent and placed him on probation.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent appeals from an order of disposition adjudicating him a juvenile delinquent based on the finding that he had committed acts that, if committed by an adult, would constitute the crimes of forcible touching (Penal Law § 130.52) and endangering the welfare of a child (§ 260.10). Even assuming, arguendo, that respondent preserved for our review his contention that the evidence is legally insufficient to establish that he committed those acts by arguing that the victim's testimony was inconsistent with that of the eyewitness, we reject that contention. Viewing the evidence in the light most favorable to the presentment agency, we conclude that the evidence is legally sufficient to establish that respondent committed acts that, if he were an adult, would constitute the crimes of forcible touching (*see People v Bartlett*, 89 AD3d 1453, 1454, *lv denied* 18 NY3d 881) and endangering the welfare of a child (*see generally People v Sanderson*, 68 AD3d 1716, 1717, *lv denied* 14 NY3d 844; *People v Russell*, 50 AD3d 1569, 1569, *lv denied* 10 NY3d 939). Moreover, upon the exercise of our independent power of factual review, we are satisfied that Family Court properly credited the testimony of the two principal witnesses and that its findings are not against the weight of the evidence (*see generally Matter of Anthony S.*, 305 AD2d 689, 690). "[R]esolution of issues of credibility, as well as the weight to be accorded the evidence presented, are primarily questions to be determined by the finder of fact, which saw and heard the witnesses" (*Matter of Stephen C.*, 28 AD3d 656, 656; *see*

*Matter of Kayla C.* [appeal No. 1], 35 AD3d 1187, 1187).

Respondent failed to preserve for our review his contention that the court's actions, including, inter alia, its extensive participation in the questioning of witnesses, deprived him of a fair trial (*see People v Charleston*, 56 NY2d 886, 887-888; *Matter of Aron B.*, 46 AD3d 1431, 1431).  In any event, that contention is without merit (*cf. People v Yut Wai Tom*, 53 NY2d 44, 57-58).  Respondent also failed to preserve for our review his contention that he is entitled to a new hearing or dismissal of the petition because the appearance ticket did not conform to Family Court Act § 307.1 (1).  We decline to exercise our power to review that contention in the interest of justice (*see Matter of George N.B.*, 57 AD3d 1456, 1456-1457, *lv denied* 12 NY3d 706).

We reject the contention of respondent that he was denied effective assistance of counsel.  "[T]he record establishes that, viewed in the totality of the proceedings, [respondent] received meaningful representation" (*Matter of Jeffrey V.*, 82 NY2d 121, 126; *see George N.B.*, 57 AD3d at 1457).

We reject the further contention of respondent that the court failed to consider the least restrictive available alternative in placing him on probation (*see* Family Ct Act § 352.2 [2] [a]).  "The court has broad discretion in determining the appropriate disposition in juvenile delinquency cases" (*Matter of Richard W.*, 13 AD3d 1063, 1064).  Contrary to respondent's contention, "the record establishes that the disposition ordered by the court is 'the least restrictive available alternative . . . which is consistent with the needs and best interests of the respondent and the need for protection of the community' " (*Matter of Brendon H.*, 43 AD3d 1283, 1284, quoting § 352.2 [2] [a]).

We have considered respondent's remaining contentions, and we conclude that they are without merit.

Entered:  October 3, 2014                      Frances E. Cafarell
                                               Clerk of the Court