■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IRVING McALLISTER, Appellant. [10 NYS3d 887]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered March 11, 2013, convicting him of attempted burglary in the second degree, upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

Contrary to the People's contention, the record does not reflect that the defendant knowingly, voluntarily, and intelligently waived his right to appeal (*see People v Bradshaw*, 18 NY3d 257, 265 [2011]; *People v Lopez*, 6 NY3d 248, 256-257 [2006]; *People v Brown*, 122 AD3d 133, 138-145 [2014]; *People v Nugent*, 109 AD3d 625 [2013]). Accordingly, we have considered the defendant's contention that the sentence imposed constituted cruel and unusual punishment. However, the defendant's contention is without merit. The defendant failed to demonstrate the existence of exceptional circumstances that would render his sentence, which was the statutory minimum and the result of a negotiated plea, cruel and unusual punishment (*see People v Wright*, 85 AD3d 1642, 1644 [2011]; *People v Clerge*, 69 AD3d 955 [2010]; *People v Rogers*, 63 AD3d 1631 [2009]; *People v Cruz*, 54 AD3d 962 [2008]; *People v Reese*, 31 AD3d 582, 583 [2006]). Dillon, J.P., Dickerson, Chambers and Barros, JJ., concur.