People v Townsend (2019 NY Slip Op 03172)





People v Townsend


2019 NY Slip Op 03172


Decided on April 26, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 26, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, DEJOSEPH, CURRAN, AND WINSLOW, JJ.


140 KA 12-01363

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MATTHEW A. TOWNSEND, DEFENDANT-APPELLANT. 






CATHERINE H. JOSH, ROCHESTER, FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (DANIEL GROSS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Monroe County Court (Vincent M. Dinolfo, J.), rendered April 5, 2012. The judgment convicted defendant, upon a jury verdict, of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]). We reject defendant's contention that County Court erred in refusing to suppress statements that he made to the police during the execution of a search warrant at his residence and thereafter at the police station. Defendant contends that he was entitled to suppression of his statements because the police should have obtained an arrest warrant before obtaining the search warrant, and thus his statements were obtained as a result of illegal police conduct. Inasmuch as " [t]here is no constitutional right to be arrested' " (People v McCray, 96 AD3d 1480, 1480 [4th Dept 2012], lv denied 19 NY3d 1104 [2012]), however, that contention is without merit. We reject defendant's further contention that the statement that he made at his residence in response to a police sergeant's question should be suppressed because the sergeant's inquiry was the equivalent of an interrogation. The sergeant testified at the suppression hearing that she noticed that defendant was not wearing footwear and that she asked him if he had a pair of boots or something to wear to the police station because it was cold and icy outside. We conclude that her question to defendant was not reasonably likely to elicit an incriminating response (see People v Roberts, 121 AD3d 1530, 1531 [4th Dept 2014], lv denied 24 NY3d 1122 [2015]; People v Youngblood, 294 AD2d 954, 954 [4th Dept 2002], lv denied 98 NY2d 704 [2002]). Defendant's contention that the statements that he made at the police station were obtained in violation of his right to counsel is also without merit. Defendant was not in custody in connection with an unrelated pending charge in the State of Florida, and thus he had no derivative right to counsel with respect to the murder charge at issue here (see People v Mantor, 96 AD3d 1645, 1646 [4th Dept 2012], lv denied 19 NY3d 1103 [2012]; see generally People v Lopez, 16 NY3d 375, 377 [2011]). Additionally, the record supports the court's determination that defendant knowingly and intelligently waived his Miranda rights (see People v Spoor, 148 AD3d 1795, 1796-1797 [4th Dept 2017], lv denied 29 NY3d 1134 [2017]).
Defendant next contends that he was denied a fair trial by prosecutorial misconduct during voir dire and on summation. We note that most of the alleged improprieties are not preserved for our review (see People v Machado, 144 AD3d 1633, 1635 [4th Dept 2016], lv denied 29 NY3d 950 [2017]; People v Rumph, 93 AD3d 1346, 1347 [4th Dept 2012], lv denied 19 NY3d 967 [2012]). In any event, we conclude that defendant's contention is without merit. The prosecutor's remarks during voir dire did not diminish the People's burden of proof (see generally People v Williams, 43 AD3d 1336, 1337 [4th Dept 2007]). Furthermore, the prosecutor's remarks on summation "were either a fair response to defense counsel's summation or fair comment on the evidence" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012] [internal quotation marks omitted]; see People v Goupil, 104 AD3d [*2]1215, 1216 [4th Dept 2013], lv denied 21 NY3d 943 [2013]). Inasmuch as we conclude that there was no prosecutorial misconduct, we reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged improprieties (see People v Inman, 134 AD3d 1434, 1435 [4th Dept 2015], lv denied 27 NY3d 999 [2016]; Williams, 43 AD3d at 1337).
We reject defendant's contention that the court abused its discretion in precluding certain evidence of third-party culpability (see generally People v Powell, 27 NY3d 523, 531 [2016]; People v Schulz, 4 NY3d 521, 529 [2005]). The relevance of that evidence was outweighed by its potential for "undue prejudice, delay, and confusion" (Powell, 27 NY3d at 526; see People v Maynard, 143 AD3d 1249, 1251 [4th Dept 2016], lv denied 28 NY3d 1148 [2017]). Finally, the sentence is not unduly harsh or severe.
Entered: April 26, 2019
Mark W. Bennett
Clerk of the Court