People v Lili (2024 NY Slip Op 05492)

People v Lili

2024 NY Slip Op 05492

Decided on November 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 07, 2024

Before: Moulton, J.P., Friedman, Mendez, Shulman, Rodriguez, JJ. 

Ind No. 1657/20 Appeal No. 2966 Case No. 2021-04139 

[*1]The People of the State of New York, Respondent,
v
Calvin Lili, Defendant-Appellant.

Twyla Carter, The Legal Aid Society, New York (Naila S. Siddiqui of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Conor E. Byrnes of counsel), for respondent.

Judgment, Supreme Court, New York County (Gregory Carro, J.), rendered November 4, 2021, as amended November 9, 2021, convicting defendant, upon his plea of guilty, of two counts of assault in the second degree and sentencing him, as a second violent felony offender, to concurrent terms of five years to be followed by five years of postrelease supervision, unanimously affirmed.
Defendant did not preserve his argument that the motion court improperly relied upon its in camera review of the grand jury minutes in confirming the People's response to defendant's request for a Wade hearing, and we decline to review his claim in the interest of justice (see People v Cates, 139 AD3d 455, 456 [1st Dept 2016]).
As an alternate holding, we find that the People sufficiently met their burden establishing that the identification at issue was confirmatory and that no hearing was necessary (see generally People v Rodriguez, 79 NY2d 445, 451-453 [1992]; People v Addison, 209 AD3d 504 [1st Dept 2022], lv denied 39 AD3d 1140 [2023]). The People's papers in response to defendant's omnibus motion described how the victim trailed his assailant immediately following the attack and never lost sight of his attacker. The victim, while following his attacker, placed a "911" call to report the assault that occurred just minutes earlier, and that shortly thereafter, when the police met up with the victim, the victim pointed out the defendant to the police (see e.g. People v Bayron, 119 AD3d 444 [1st Dept 2014], lv denied 25 NY3d 987 [2015]). Furthermore, Supreme Court properly considered the evidence presented to the grand jury in denying the motion for a hearing (see People v Addison, 209 AD3d at 504; People v Thomas, 190 AD3d 591 [1st Dept 2021], lv denied 37 NY3d 960 [2021]). While the People's Automatic Discovery Form indicated that a "show up" identification procedure was involved, under the circumstances, no basis exists to support an inference that the victim's identification of the defendant was potentially tainted by, or a product of a state-sponsored pretrial identification procedure (cf. People v Dixon, 85 NY2d 218, 222-223 [1995]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 7, 2024