■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ANIBAL ROSARIO, Respondent. — The People appeal from an order of the Supreme Court, Kings County, dated June 26, 1979, which, *inter alia,* granted defendant's motion to dismiss the indictment, with leave to resubmit. Order affirmed. We agree with Criminal Term that the instructions given the Grand Jury were insufficient, prejudicial and a denial to the defendant of due process. We also agree that the third count of the indictment, criminal possession of a weapon in the third degree, was insufficient on its face as it failed to include a material element of the crime charged (see Penal Law, § 265.02, subd [4]; *People v Iannone,* 45 NY2d 589, 600-601). However, contrary to Criminal Term, we hold that the evidence before the Grand Jury was sufficient to establish a prima facie case for the crime of criminally negligent homicide (CPL 190.65, subd 1; *People v Peetz,* 7 NY2d 147). The defendant observed the decedent produce a gun and wave it in the faces of those gathered in a room of an apartment. He watched as Juan Gomez took the gun from the decedent and removed the only bullet contained in the pistol. Although the defendant left the apartment for a period of time, upon his return he saw that Gomez still had the bullet. However, when the defendant left the room a second time, the decedent retrieved the bullet, reloaded the gun and began waving it about again. The defendant saw the decedent playing with the gun again and obtained it from him. As the defendant began to wave the gun around with his finger on the trigger it discharged killing the decedent. The defendant's failure to ascertain whether the gun had been reloaded, when he saw the decedent again playing with the pistol, coupled with defendant's handling of the weapon, created a risk of death that, if unexplained and uncontradicted, was substantial, unjustifiable and a gross deviation from the standard of care that a reasonable person would observe in the situation (see Penal Law, § 15.05, subd 4). The defendant's failure to perceive this risk, makes

out a prima facie case of criminally negligent homicide (Penal Law, § 125.10). As the Court of Appeals has stated "Although the discharge of the weapon may well have been unintentional, the jury was entitled to consider whether the risk created by defendants action was substantial, unjustifiable and constituted a gross deviation from the standard of conduct a reasonable person would have observed" *(People v Licitra,* 47 NY2d 554, 559). Where, as here, a prima facie case has been made out for one count of the indictment, the general rule is to reinstate the entire indictment (see *People v Warner-Lambert Co.,* 69 AD2d 265). However, in view of the many errors made during the charge and recharge to the Grand Jury, the indictment should be dismissed with leave to resubmit. Hopkins, J. P., Gulotta, Margett and O'Connor, JJ., concur.