■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT E. PENROSE, Appellant.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Humphreys, J.), rendered January 12, 1987 in Tioga County, upon a verdict convicting defendant of the crime of criminally negligent homicide.

Defendant was indicted for manslaughter in the second degree for a July 4, 1986 incident in which James Watson was shot to death. Although the jury acquitted defendant of the charged crime, it convicted him of the lesser included offense of criminally negligent homicide. Defendant was sentenced as a second felony offender to an indeterminate prison term of 2 to 4 years and this appeal followed.

Defendant's main contention is that Supreme Court erred in charging criminally negligent homicide as a lesser included offense because there was no reasonable view of the evidence to support a finding that defendant failed to perceive the substantial unjustifiable risk of death and, thus, was guilty of the lesser crime. The evidence reveals that prior to the shooting defendant and Watson were engaged in fisticuffs at Watson's apartment, which culminated in Watson threatening defendant with a shotgun. Defendant testified that he took the gun away from Watson, who then went into an adjoining room and closed the door between the rooms. Defendant further testified that he had reason to believe that the gun was loaded and, while attempting to unload it, a shot fired through the door, striking and killing Watson. Defendant attributed the shooting to a malfunction in the gun, although no documentary evidence of this was presented. He could not recall whether the gun hit against the door, but he testified that it was possible and the scientific evidence tended to show that the gun fired while in contact with the door.

From this evidence, it could reasonably be concluded that defendant failed to recognize that his attempt to unload the shotgun created an unjustifiable risk of death because the gun was susceptible to discharge upon contact with the door and was in close proximity to and pointed at the door behind which the victim stood *(cf., People v Stanfield,* 36 NY2d 467, 471-472). These facts support the charge of criminally negli-

gent homicide as a lesser included offense, as well as the conviction.

Defendant also contends that Supreme Court erred in refusing to exclude certain undisclosed scientific evidence. Defendant's objection to the introduction of this evidence was withdrawn so that any error is not preserved for our review. In any event it appears that defendant was provided with a lengthy investigation report and the Grand Jury testimony of one of the prosecution experts, so that the information at issue was provided. Accordingly, were we to reach the merits on this point, we would find no reversible error. We have also reviewed defendant's contentions with regard to his sentence and find them to be without merit.

Judgment affirmed. Mahoney, P. J., Kane, Mikoll, Yesawich, Jr., and Harvey, JJ., concur.