■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORBERTO BERNIER, Appellant. [612 NYS2d 629] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered April 15, 1991, convicting him of criminally negligent homicide and criminal possession of a weapon in the third degree, upon a jury verdict, and sentencing him to consecutive indeterminate terms of two to four years imprisonment and 3½ to 7 years imprisonment, respectively.

Ordered that the judgment is affirmed.

The defendant was a security guard at a nightclub when the crowd outside the club became restless and began pushing as they waited to enter. The defendant retrieved a shotgun from his boss, held it across his chest, and used the gun and his elbow to push the crowd back. The defendant knew the shotgun was loaded and had been given the gun in the past. During the struggle the defendant "accidentally" pulled the trigger and shot the decedent who at the time was pushing near the entrance to the club. Viewing the evidence in the light most favorable to the People *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish beyond a reasonable doubt that the defendant failed to perceive a substantial and unjustifiable risk of death to another and that his actions constituted a gross deviation from the standard of care that a reasonable person would observe if faced with the same situation *(see,* Penal Law §§ 125.10, 15.05 [4]; *People v Licitra,* 47 NY2d 554, 559; *People v Bolino,* 146 AD2d 790, 792; *People v Penrose,* 146 AD2d 947; *People v*

*Rosario,* 78 AD2d 864). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

We also find that the sentencing court did not err by imposing consecutive terms of imprisonment *(see,* Penal Law § 70.25 [2]; *People v Mabry,* 151 AD2d 507; *People v Eleby,* 137 AD2d 708; *People v Robbins,* 118 AD2d 820). The crimes of criminally negligent homicide and criminal possession of a weapon in the third degree were not committed in a single act. The defendant was charged with criminal possession of a weapon in the third degree under Penal Law § 265.02 (1), which required the People to prove that the defendant possessed a firearm and had been previously convicted of any crime. Each of these elements were satisfied before the shooting took place. "Once the unlawful possession of the weapon is established, the possessory crime is complete and any unlawful use of the weapon is punishable as a separate crime" *(People v Almodovar,* 62 NY2d 126, 130).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Copertino, J. P., Santucci, Friedmann and Goldstein, JJ., concur.