■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEVON BERNARD, Appellant. [620 NYS2d 414] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Slavin, J.), rendered September 12, 1991, convicting him of assault in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence of concurrent indeterminate terms of 4 to 12 years imprisonment, to run consecutively to an indeterminate term of one to three years imprisonment.

Ordered that the judgment is modified, on the law, by providing that all the terms of imprisonment shall run concurrently to each other; as so modified, the judgment is affirmed.

The trial court did not improvidently exercise its discretion in denying the defendant's motion for leave to call alibi witnesses, made during pretrial proceedings immediately prior to the commencement of the trial. The defendant did not proffer a reasonable excuse for his failure to file a timely "notice of alibi" pursuant to CPL 250.20 (1). Furthermore, as the crime took place almost 10 months prior to the request, it would be unduly burdensome for the People to locate any witnesses to refute the proposed testimony of the defendant's alibi witnesses (see, *People v Toro,* 198 AD2d 532; *People v Caputo,* 175 AD2d 290). The defendant's alibi was that he was at home at the time of the incident, and had not attended a party directly before the incident, which contradicted what the defendant himself had told the complainant right before he shot her.

Nor is there merit to the defendant's contention that he was deprived of his right to be present during the impanelling of

the jury when the court conducted a sidebar conference with one of the jurors concerning her knowledge of the neighborhood where the incident took place *(see, People v Sloan,* 79 NY2d 386). As we have previously held, the rule announced under *People v Sloan (supra)* "is to be applied prospectively, i.e., only to those cases in which jury selection occurred after April 7, 1992, the date *People v Sloan* was decided" *(People v Hanningan,* 193 AD2d 8, 13-14; *see, People v Sprowal,* 84 NY2d 113). Since jury selection in the case at bar occurred prior to April 7, 1992, the defendant's argument must be rejected.

Because the defendant's possession of a loaded firearm and the shooting of the victim were both committed through a single act, and there is no proof in the record that he possessed the gun prior to shooting the victim *(cf., People v Bernier,* 204 AD2d 732), the sentence imposed for the crime of criminal possession of a weapon in the third degree should run concurrently with the sentences imposed for assault in the first degree and criminal possession of a weapon in the second degree, and the defendant's sentence is modified accordingly *(see,* Penal Law § 70.25 [2]; *People v Jenkins,* 176 AD2d 348, 349; *People v Tabb,* 208 AD2d 780). Lawrence, J. P., Santucci, Altman and Goldstein, JJ., concur.