■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DELORES REYNOLDS, Appellant. [631 NYS2d 339] —Judgment, Supreme Court, New York County (Frederic Berman, J.), rendered May 20, 1993, convicting defendant, after a nonjury trial, of criminally negligent homicide, and sentencing her to intermittent incarceration for four weekends and to 100 hours of community service, unanimously affirmed.

Defendant's boyfriend, the victim, arrived at defendant's apartment with a gun, a .380 semiautomatic. Defendant, who lacked any experience with guns, told police that she removed the ammunition magazine from the gun and placed the magazine and the gun in her closet for safekeeping. Later, when returning the gun to the victim, defendant cautioned him to leave the gun unloaded, as she thought she had. She then pointed the gun at the victim and pulled the trigger, causing the gun to discharge killing him. Such evidence, viewed in a light most favorable to the People (*People v Contes*, 60 NY2d 620), was legally sufficient to establish that defendant failed to perceive a substantial and unjustifiable risk of death to the victim and that her actions constituted a gross deviation from the standard that a reasonable person would have observed in the same situation (Penal Law § 15.05 [4]). Nor was the verdict against the weight of the evidence. "It is obvious that one who fails to perceive the possible danger inherent in holding a gun to another when he has no intention of pulling a trigger is at least negligent." (*People v Stanfield*, 44 AD2d 780, 781, *affd* 36 NY2d 467.) Here, defendant pointed the gun and pulled the trigger, but, because of her inexperience with guns, did not realize that she had not completely disarmed the gun. This lack of knowledge about how the gun operated does not negate defendant's guilt. On the contrary, the evidence showed that a reasonable person inexperienced with guns would not have presumed to disarm a gun of this type and would have perceived a substantial risk of death in pointing and pulling the trigger (*see, People v Rosario*, 78 AD2d 864). Concur—Sullivan, J. P., Rubin, Kupferman, Asch and Nardelli, JJ.