■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEVAR DUGGER, Appellant. [654 NYS2d 28] —Appeal by the defendant from two judgments of the Supreme Court, Kings County (Harkavy, J.), both rendered February 14, 1995, convicting him of (1) attempted murder in the second degree, upon his plea of guilty, under Indictment No. 8677/93, and (2) manslaughter in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, under Indictment No. 5637/94, and imposing sentences.

Ordered that the judgments are affirmed.

It is well established that evidence of uncharged crimes is inadmissible for the purpose of demonstrating a defendant's propensity to commit the crimes charged *(see, People v Vargas,*

88 NY2d 856; *People v Alvino,* 71 NY2d 233). However, considering the defendant's justification defense and a remark that "you are going to get it just like your brother", his prior uncharged crime was admissible to show intent, to complete the narration, and to provide background information *(see, People v Till,* 87 NY2d 835; *People v Vargas,* 88 NY2d 856, *supra).*

The elements of the charge of criminal possession of a weapon in the second degree (Penal Law § 265.03) were completed prior to the shooting that gave rise to the manslaughter charge. The defendant purchased the loaded weapon approximately one week prior to the shooting, in order to "protect" himself against a rival gang *(see, People v Almodovar,* 62 NY2d 126, 130; *People v Bernier,* 204 AD2d 732; *compare, People v Banks,* 208 AD2d 759). As such, the manslaughter charge and the criminal possession of a weapon charge involved separate and distinct acts which justified the imposition of consecutive sentences *(see,* Penal Law § 70.25 [2]; *People v Burgess,* 221 AD2d 354; *People v James,* 211 AD2d 824).

The defendant's remaining contentions are without merit. Miller, J. P., Sullivan, Pizzuto and Goldstein, JJ., concur.