■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE HURD, Appellant. [667 NYS2d 744] —Judgment, Supreme Court, New York County (Juanita Bing Newton, J., at suppression hearing; Bernard Fried, J., at jury trial and sentence), rendered October 21, 1992, convicting defendant of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him, as a second felony offender, to consecutive terms of 25 years to life and 7½ to 15 years, respectively, unanimously affirmed.

Although defendant's statement given while represented and

in custody in Vermont and taken by New York police may have been in violation of his New York right to counsel (*see, People v Rogers*, 48 NY2d 167), there is no reasonable possibility that the statement contributed to defendant's conviction and its introduction at trial was harmless beyond a reasonable doubt. The statement was largely exculpatory, asserting self-defense. Other evidence was overwhelming that defendant killed the victim and did not do so in self-defense (*see, People v Flecha*, 60 NY2d 766; *People v Sanders*, 56 NY2d 51, 66; *People v Crimmins*, 36 NY2d 230).

Defendant properly received consecutive sentences. His illegal possession of the pistol was complete prior to the shooting, so that there were "separate, successive acts allowing for the imposition of consecutive sentences" (*People v Simpson*, 209 AD2d 281, 282, *lv denied* 85 NY2d 866; Penal Law § 70.25 [2]).

On the existing record, which defendant has not sought to amplify by way of a CPL article 440 motion (*see, People v Love*, 57 NY2d 998), we conclude that defendant received effective assistance of counsel (*see, People v Baldi*, 54 NY2d 137).

Defendant's remaining contentions are unpreserved and without merit. Concur—Wallach, J. P., Rubin, Tom and Andrias, JJ.