■ The People of the State of New York, Respondent, v Willie J. Singleton, Appellant. [887 NYS2d 892]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered October 17, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [7]). We agree with defendant that County Court erred in limiting his cross-examination of the victim with respect to the victim's prior arrest for rape and conviction of sexual abuse (*see People v Grant*, 222 AD2d 1057 [1995], *lv denied* 87 NY2d 1020 [1996]; *People v Batista*, 113 AD2d 890, 891 [1985], *lv denied* 67 NY2d 648 [1986]). We conclude, however, "that there is no reasonable possibility that the error

might have contributed to defendant's conviction and that it [is] thus harmless beyond a reasonable doubt" (*People v Crimmins*, 36 NY2d 230, 237 [1975]; *see also Grant*, 222 AD2d 1057 [1995]; *Batista*, 113 AD2d at 892). Defendant failed to preserve for our review his further contention that the court penalized him for asserting his right to trial by imposing a greater sentence than that offered during plea negotiations (*see People v Thomas*, 60 AD3d 1341, 1342-1343 [2009], *lv denied* 12 NY3d 921 [2009]). In any event, that contention is without merit, and the sentence is not unduly harsh or severe (*see People v Jacobson*, 60 AD3d 1326, 1329 [2009], *lv denied* 12 NY3d 916 [2009]). We reject the contention of defendant in his pro se supplemental brief that the evidence of physical injury is legally insufficient to support the conviction (*see People v Gerecke*, 34 AD3d 1260, 1261 [2006], *lv denied* 7 NY3d 925 [2006]; *People v Stapleton*, 33 AD3d 464 [2006], *lv denied* 7 NY3d 904 [2006]). The further contention of defendant in his pro se supplemental brief that the court failed to comply with the requirements of CPL 200.60 is not preserved for our review (*see People v Santiago*, 244 AD2d 263 [1997], *lv denied* 91 NY2d 879 [1997]; *People v Reid*, 232 AD2d 173 [1996], *lv denied* 90 NY2d 862 [1997]), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Present—Smith, J.P., Peradotto, Green, Pine and Gorski, JJ.