SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

792
KA 08-02238
PRESENT: CENTRA, J.P., PERADOTTO, CARNI, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

GERALDINE M. MOTZER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LESLIE E. SWIFT OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (John J. Connell, J.), rendered September 5, 2008. The judgment convicted defendant, upon a jury verdict, of robbery in the first degree, robbery in the second degree and endangering the welfare of a child (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of one count each of robbery in the first degree (Penal Law § 160.15 [3]) and robbery in the second degree (§ 160.10 [3]), and two counts of endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review her contention that, in sentencing her, County Court penalized her for exercising the right to a jury trial, "inasmuch as defendant failed to raise that contention at sentencing" (*People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862). In any event, that contention lacks merit. " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting h[er] right to trial . . ., and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial' " (*id.*).

Defendant further contends that she was improperly adjudicated a persistent felony offender because the court did not comply with CPL 400.20 (3) when it attached defendant's presentence report to its order as its "statement" setting forth, inter alia, the dates and places of the prior convictions that render her a persistent felony offender. In addition, she contends that her due process rights were thereby violated. We conclude that defendant waived her contentions (*see generally People v Ahmed*, 66 NY2d 307, 311, *rearg denied* 67 NY2d

647; *People v Perez*, 85 AD3d 1538, 1541). The record establishes that, during the persistent felony offender hearing, the court offered to adjourn the hearing in order to draft a separate statement pursuant to the statute. Defense counsel conferred with defendant and, after clarification from the court that it would attach "just those statements" upon which it was relying, defense counsel expressly declined the court's offer.

Defendant also contends that she was improperly adjudicated a persistent felony offender because the court did not specifically ask her whether she wished to present any evidence "on the question of [her] background and criminal conduct" (CPL 400.20 [7]). Defendant failed to preserve that contention for our review (*see People v Brown*, 306 AD2d 12, 13, *lv denied* 100 NY2d 592) and, in any event, it is without merit. Although the court did not use that specific phrase contained in CPL 400.20 (7), the court asked defense counsel whether he, inter alia, wanted to controvert any of the information in the presentence report, to call any witnesses, and to be heard on the application. Indeed, defense counsel controverted some of the information in the presentence report and argued that defendant should not be adjudicated a persistent felony offender. Thus, the court in essence asked defendant whether she wished to present any evidence and gave her an opportunity to do so.

Finally, the sentence is not unduly harsh or severe.

Entered: June 15, 2012                                     Frances E. Cafarell
                                                          Clerk of the Court