# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

191

KA 05-01611

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                             MEMORANDUM AND ORDER

CLARENCE MILLER, DEFENDANT-APPELLANT.

---

CHRISTINE M. COOK, SYRACUSE, FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (William D. Walsh, J.), rendered November 30, 2004. The judgment convicted defendant, after a jury trial, of kidnapping in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, assault in the second degree, assault in the third degree and reckless endangerment in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by directing that the determinate sentence imposed on count three of the indictment shall run concurrently with the determinate sentences imposed on counts one and two and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, kidnapping in the second degree (Penal Law § 135.20), criminal use of a firearm in the first degree ([CUF] § 265.09 [1] [a]), criminal possession of a weapon in the second degree ([CPW] § 265.03 [former (2)]), and assault in the second degree (§ 120.05 [2]). Although defendant contends that he was denied a fair trial based on prosecutorial misconduct during opening and closing statements, he did not raise any objection to the allegedly improper comments at trial and thus failed to preserve his contention for our review (*see People v Lane*, 106 AD3d 1478, 1480, *lv denied* 21 NY3d 1043). "In any event, '[w]e do not believe that the cumulative effect of the asserted instances of misconduct on the part of the prosecutor prejudiced the verdict and deprived defendant of a fair trial' and thus reversal is not required" (*People v Gates*, 6 AD3d 1062, 1063, *lv denied* 3 NY3d 659; *see People v Russell*, 50 AD3d 1569, 1570, *lv denied* 10 NY3d 939; *cf. People v Calabria*, 94 NY2d 519, 522-523). Defendant further contends that he was denied effective assistance of counsel based on defense counsel's failure to object to the allegedly improper comments of the prosecutor. We reject that contention. Defendant failed " 'to demonstrate the absence of

strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712), and the record establishes that defense counsel provided meaningful representation to defendant (*see generally People v Baldi*, 54 NY2d 137, 147).

Defendant further contends that County Court erred in admitting in evidence as excited utterances statements made by the victim to an emergency medical technician (EMT). We reject that contention. It is well settled that "[t]he admissibility of an excited utterance is entrusted in the first instance to the trial court. In making that determination, the court must ascertain whether, at the time the utterance was made, the declarant was under the stress of excitement caused by an external event sufficient to still his [or her] reflective faculties, thereby preventing opportunity for deliberation which might lead the declarant to be untruthful. The court must assess not only the nature of the startling event and the amount of time which has elapsed between the occurrence and the statement, but also the activities of the declarant in the interim to ascertain if there was significant opportunity to deviate from the truth. Above all, the decisive factor is whether the surrounding circumstances reasonably justify the conclusion that the remarks were not made under the impetus of studied reflection" (*People v Edwards*, 47 NY2d 493, 497; *see People v Carroll*, 95 NY2d 375, 385). Notably, "the time for reflection is not measured in minutes or seconds, but rather is measured by facts" (*People v Dalton*, 88 NY2d 561, 579 [internal quotation marks omitted]).

There is no dispute that there was a period of time between the victim's treatment by the EMT and her statements. During that period of time, however, the victim's child and niece were still in the apartment with defendant, the man who had kidnapped the victim and beaten her with a loaded gun. We thus conclude that " 'at the time the utterance[s were] made [the victim] was in fact under the stress of excitement caused by an external event sufficient to still . . . her reflective faculties' . . . , including both the physical and emotional stress of the [kidnapping and] beating earlier administered by defendant[,] . . . the stress of being confined in [an apartment and car] with defendant following the attack," and the stress of having two small children still in harm's way (*People v Bryant*, 27 AD3d 1124, 1126, *lv denied* 7 NY3d 753, quoting *People v Johnson*, 1 NY3d 302, 306).

"By failing to raise a specific objection, defendant has failed to preserve for our review his contention that [the] testimony of [the EMT] constituted bolstering" (*People v Butler*, 2 AD3d 1457, 1458, *lv denied* 3 NY3d 637; *see People v West*, 56 NY2d 662, 663; *People v Comerford*, 70 AD3d 1305, 1306). In any event, because the statements made by the victim were properly determined to be excited utterances, they did not constitute improper bolstering (*see People v Stevens*, 57 AD3d 1515, 1516, *lv denied* 12 NY3d 822; *People v Simms*, 244 AD2d 920, 920, *lv denied* 91 NY2d 897).

We reject defendant's further contention that the evidence is legally insufficient to support the conviction of kidnapping, CUF, CPW

and assault in the second degree.  "Although there were minor inconsistencies between the victim's trial testimony and her grand jury testimony, those inconsistencies did not render her testimony incredible as a matter of law" (*People v Ennis*, 107 AD3d 1617, 1618, *lv denied* 22 NY3d 1040), i.e., "it was not impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory" (*People v Bieganowski*, 104 AD3d 1276, 1276, *lv denied* 21 NY3d 1002 [internal quotation marks omitted]; *see People v Gaston*, 100 AD3d 1463, 1464).

Viewing the evidence in light of the elements of the crimes of kidnapping, CUF, CPW and assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  "[N]othing in the record suggests that the victim was 'so unworthy of belief as to be incredible as a matter of law' or otherwise tends to establish defendant's innocence of those crimes . . . , and thus it cannot be said that the jury failed to give the evidence the weight it should be accorded" (*People v Woods*, 26 AD3d 818, 819, *lv denied* 7 NY3d 765; *see generally Bleakley*, 69 NY2d at 495).

Defendant's final challenges concern the sentence.  We agree with defendant that the court erred in ordering the sentences imposed on counts one and two, the kidnapping and CUF counts, to run consecutively to the sentence imposed on count three, the CPW count. Defendant's possession of the firearm was not a separate and distinct act from either the kidnapping or the CUF.  With respect to the kidnapping count, the threatened use of force element of the kidnapping charge was accomplished because of defendant's possession of the gun with the intent to use it; there would have been no restraint or abduction without that conduct (*see People v Rivera*, 277 AD2d 470, 472, *lv denied* 96 NY2d 833; *People v Phillips*, 182 AD2d 648, 649, *lv denied* 79 NY2d 1052, 81 NY2d 765).  With respect to the CUF count, one of the elements of that crime is the possession of a loaded deadly weapon, i.e., the very conduct encompassed by the CPW count (*see People v Laureano*, 87 NY2d 640, 644-645; *People v Jenkins*, 232 AD2d 504, 505, *lv denied* 89 NY2d 924, *reconsideration denied* 90 NY2d 859).  We thus conclude that, pursuant to Penal Law § 70.25 (2), the court should have ordered the sentences on those three counts to run concurrently, and we therefore modify the judgment accordingly.

With respect to the remaining counts, we conclude that consecutive sentencing was permissible.  Defendant's possession of the gun with the intent to use it unlawfully was completed before he used the gun to commit the remaining crimes, and it continued even after those crimes were completed (*see People v Okafore*, 72 NY2d 81, 87). Thus, defendant's possession of the weapon was a separate and distinct act for which consecutive sentences could be imposed (*see People v Salcedo*, 92 NY2d 1019, 1021-1022; *People v Hurd*, 246 AD2d 483, 484, *lv denied* 91 NY2d 1008; *People v Dugger*, 236 AD2d 483, 484, *lv denied* 89 NY2d 1034).

                                                                 KA 05-01611

     Defendant failed to preserve for our review his contention that he was penalized for asserting his right to a trial (*see People v Hurley*, 75 NY2d 887, 888; *People v Motzer*, 96 AD3d 1635, 1636, *lv denied* 19 NY3d 1104; *People v Singleton*, 67 AD3d 1455, 1456, *lv denied* 14 NY3d 773).  In any event, that contention lacks merit.  " '[T]he mere fact that a sentence imposed after trial is greater than that offered in connection with plea negotiations is not proof that defendant was punished for asserting his right to trial . . . , and there is no indication in the record before us that the sentencing court acted in a vindictive manner based on defendant's exercise of the right to a trial' " (*People v Stubinger*, 87 AD3d 1316, 1317, *lv denied* 18 NY3d 862; *see People v Trinidad*, 107 AD3d 1432, 1432-1433, *lv denied* 21 NY3d 1046).

     Finally, we conclude that the sentence, as modified, is not unduly harsh or severe.

Entered:  March 28, 2014                    Frances E. Cafarell
                                            Clerk of the Court