# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**201**
**CAF 14-01538**
PRESENT: SMITH, J.P., PERADOTTO, NEMOYER, CURRAN, AND SCUDDER, JJ.

---

IN THE MATTER OF RICHARD C. KIRKPATRICK,
PETITIONER-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

JESSICA LYNN KIRKPATRICK, RESPONDENT-APPELLANT.
------------------------------------------------
IN THE MATTER OF JESSICA LYNN KIRKPATRICK,
PETITIONER-APPELLANT,

V

RICHARD C. KIRKPATRICK, RESPONDENT-RESPONDENT.

---

DAVID J. PAJAK, ALDEN, FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

LOVALLO & WILLIAMS, BUFFALO (TIMOTHY R. LOVALLO OF COUNSEL), FOR PETITIONER-RESPONDENT AND RESPONDENT-RESPONDENT.

MICHELE A. BROWN, ATTORNEY FOR THE CHILD, BUFFALO.

---

Appeal from an order of the Family Court, Erie County (Sharon M. LoVallo, J.), entered July 22, 2014 in proceedings pursuant to Family Court Act article 6. The order, among other things, dismissed the petition of Jessica Lynn Kirkpatrick and granted in part the petition of Richard C. Kirkpatrick to modify a prior court order.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In these proceedings under Family Court Act article 6, respondent-petitioner mother appeals from an order modifying the existing visitation arrangement by directing that she have supervised visitation with the parties' child and dismissing her petition for petitioner-respondent father's violation of a prior order. The mother's contention that Family Court erred in issuing a temporary order suspending visitation pending trial is rendered moot by the court's issuance of a final order of visitation (*see generally Matter of Viscuso v Viscuso*, 129 AD3d 1679, 1682; *Matter of Jones v Tucker*, 125 AD3d 1273, 1273).

Contrary to the mother's further contention, the court did not err in admitting testimony concerning the child's out-of-court

statements under the excited utterance exception to the hearsay rule (*see People v Miller*, 115 AD3d 1302, 1303-1304, *lv denied* 23 NY3d 1040; *see generally People v Caviness*, 38 NY2d 227, 230-232).  In any event, any error in admitting the statements is harmless, inasmuch as there is "a sound and substantial basis in the record for . . . Family Court's determination, without consideration of the statements, that it was not in the [child's] best interests to have unsupervised contact with [her] mother" (*Matter of Lane v Lane*, 68 AD3d 995, 998).  Here, the father established that the relationship between the child and the mother had deteriorated significantly since the last order allowing the mother unsupervised visitation, to the point where the child no longer wanted to have visitation with the mother.

Furthermore, even assuming, arguendo, that the court erred in admitting the mother's medical records, we note that the court did not rely on the records in its decision, and "there is a sound and substantial basis in the record for the court's determination to order supervised visitation" (*Matter of Rice v Cole*, 125 AD3d 1466, 1467, *lv denied* 26 NY3d 909).  Finally, the court did not abuse its discretion in failing to impose sanctions for the father's violation of the 2012 order and in dismissing the mother's contempt petition (*see generally Matter of Anderson v Barlow*, 256 AD2d 1234, 1235).

Entered:  March 25, 2016                          Frances E. Cafarell
                                                  Clerk of the Court