# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

333

KA 13-02198

PRESENT: SMITH, J.P., DEJOSEPH, NEMOYER, TROUTMAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

TYREL RIVERS, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (EVAN HANNAY OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Joseph E. Fahey, J.), rendered April 30, 2013. The judgment convicted defendant, upon a jury verdict, of assault in the second degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [2]), and criminal possession of a weapon in the third degree (§ 265.02 [1]), defendant contends that the verdict is contrary to the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that, although an acquittal would not have been unreasonable, the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). It is well settled that "[r]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury" (*People v Witherspoon*, 66 AD3d 1456, 1457, *lv denied* 13 NY3d 942 [internal quotation marks omitted]), and we perceive no reason to disturb the jury's resolution of those issues in this case.

We agree with defendant, however, that County Court abused its discretion in reading back the prosecutor's summation without also reading back the defense summation. Initially, we reject the People's contention that defendant failed to preserve his contention for our review. Defendant at least arguably objected to the readback, seeking more time to research the issue, and the court denied the objection. The court then granted the jury's request for the readback and denied defense counsel's request for a contemporaneous readback of the

defense summation.  Therefore, the court " 'expressly decided the question raised on appeal,' thus preserving the issue for review" (*People v Smith*, 22 NY3d 462, 465, quoting CPL 470.05 [2]).

Pursuant to CPL 310.30, "the jury can request a reading of not only evidentiary material, but also any material which is pertinent to its deliberation, including the summations, and the trial court must 'give such requested information or instruction as [it] deems proper' " (*People v Velasco*, 77 NY2d 469, 474).  We agree with defendant that the court abused its discretion in reading back only the prosecutor's summation under the circumstances presented here. The evidence of defendant's guilt is not overwhelming, and the jurors were clearly divided at times during their deliberations, as demonstrated by their frequent requests for guidance from the court through numerous notes.  Indeed, in their seventh note, the note at issue here, they requested a readback of the prosecutor's summation and, in their 11th note, they indicated that they were deadlocked on one of the counts.  Under such circumstances, "[b]y rereading only the prosecutor's summation, the court permitted the People an additional opportunity to present their arguments, and their view of the evidence, creating the potential for distracting the jurors from their own recollection of the facts and from the arguments of defense counsel" (*People v Sullivan*, 160 AD2d 161, 163, *lv denied* 76 NY2d 991, *reconsideration denied* 77 NY2d 911).  We further conclude that such error is not harmless under these circumstances (*see id.* at 163-164; *see also United States v Arboleda*, 20 F3d 58, 61-62 [2d Cir]).  We therefore reverse the judgment and grant a new trial.

Defendant further contends that the court erred in sustaining, on hearsay grounds, the prosecutor's objections to defendant's attempts to introduce into evidence the recordings of certain 911 calls. Inasmuch as we are granting a new trial, we need not address that contention.  Nonetheless, in the interest of judicial economy, we note that those recordings were admissible as excited utterance and/or present sense impression exceptions to the hearsay rule.  An excited utterance is " 'the product of the declarant's exposure to a startling or upsetting event that is sufficiently powerful to render the observer's normal reflective processes inoperative[,]' preventing the opportunity for deliberation and fabrication" (*People v Carroll*, 95 NY2d 375, 385; *see generally People v Johnson*, 1 NY3d 302, 306). " 'Present sense impression' declarations, in contrast, are descriptions of events made by a person who is perceiving the event as it is unfolding[,] . . . minimiz[ing] the opportunity for [a] calculated misstatement as well as the risk of inaccuracy from faulty memory" (*People v Vasquez*, 88 NY2d 561, 574).  Here, many of the recordings at issue were admissible under the excited utterance exception to the hearsay rule because the evidence established that the statements were made while the callers were "under the stress of excitement caused by" the startling or upsetting events that they described (*People v Edwards*, 47 NY2d 493, 497; *see People v Miller*, 115 AD3d 1302, 1303, *lv denied* 23 NY3d 1040).  In addition, some of those calls, and the remaining calls, were made by people who described events that were occurring, and the description of the events given by the prosecution witnesses provided the "additional

indicia of reliability" that rendered them admissible under the present sense impression exception (*People v Brown*, 80 NY2d 729, 736; *see People v Ross*, 112 AD3d 972, 973, *lv denied* 22 NY3d 1158; *cf. People v Mulligan*, 118 AD3d 1372, 1373, *lv denied* 25 NY3d 1075).

Defendant's remaining contentions are moot in light of our determination.

Entered:  April 29, 2016                      Frances E. Cafarell
                                              Clerk of the Court