People v Owens (2020 NY Slip Op 02591)





People v Owens


2020 NY Slip Op 02591


Decided on May 1, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 1, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., TROUTMAN, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


544 KA 18-00388

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CRAIG OWENS, DEFENDANT-APPELLANT. 






FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (NATHANIEL V. RILEY OF COUNSEL), FOR DEFENDANT-APPELLANT. 
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (KENNETH H. TYLER, JR., OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Onondaga County Court (Stephen J. Dougherty, J.), rendered October 20, 2017. The judgment convicted defendant upon a jury verdict of murder in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of murder in the second degree (Penal Law § 125.25 [1]), defendant contends that the conviction is not supported by legally sufficient evidence. " It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Clark, 142 AD3d 1339, 1340 [4th Dept 2016], lv denied 28 NY3d 1143 [2017], quoting People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]). Here, viewing the evidence in the light most favorable to the People, we conclude that the evidence is legally sufficient (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crime as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
We reject defendant's contention that reversal is required because County Court failed to comply with the requirements of CPL 310.30 in responding to a jury note (see generally People v O'Rama, 78 NY2d 270, 276-278 [1991]). The note indicated that the jury wished to hear a readback of certain very specific parts of the testimony of several witnesses, including that of the Medical Examiner concerning the cause and time of the victim's death. Defendant contends that the court should have directed the court reporter to read back additional parts of the Medical Examiner's testimony. It is well settled that a trial court has "significant discretion in determining the proper scope and nature of the response" to a jury's request to review part of the evidence (People v Taylor, 26 NY3d 217, 224 [2015]). Furthermore, "[a] request for a reading of testimony generally is presumed to include cross-examination [that] impeaches the testimony to be read back, and any such testimony should be read to the jury unless the jury indicates otherwise" (People v Morris, 147 AD3d 873, 874 [2d Dept 2017] [internal quotation marks omitted]; see People v Wilson, 158 AD3d 1204, 1205 [4th Dept 2018], lv denied 31 NY3d 1089 [2018]). Here, however, both the parts of the Medical Examiner's testimony that were included in the readback and the parts that defendant contends should have been included were elicited on cross-examination, and we agree with the court that the additional testimony that defendant sought to include in the readback did not impeach the portion of the Medical Examiner's testimony that the jury requested. Consequently, we conclude that the court "did not abuse its discretion in declining to read back a portion of the . . . cross-examination that was not directly responsive to the jury's request" (People v Sommerville, 159 AD3d 1515, 1516 [4th Dept 2018], [*2]lv denied 31 NY3d 1121 [2018]). We further conclude that, "[e]ven assuming, arguendo,
. . . the court erred in refusing to permit the disputed cross-examination testimony to be read back to the jury, . . . reversal is not required inasmuch as defendant failed to show that any alleged omission of relevant testimony from the readback caused prejudice' to him" (Wilson, 158 AD3d at 1205).
Defendant's further contention that he was denied a fair trial by prosecutorial misconduct during summation is unpreserved for our review inasmuch as defendant did not object to any of the alleged improprieties (see People v Carrasquillo, 142 AD3d 1359, 1359 [4th Dept 2016], lv denied 28 NY3d 1143 [2017]). In any event, we conclude that "the prosecutor's attempts to persuade the jurors as to the credibility of the [witnesses] and [their] account[s] constituted fair comment on the evidence . . . and fair response to the summation of defense counsel" (People v Redfield, 144 AD3d 1548, 1550 [4th Dept 2016], lv denied 28 NY3d 1187 [2017]) and that " [a]ny improprieties were not so pervasive or egregious as to deprive defendant of a fair trial' " (People v Jackson, 108 AD3d 1079, 1080 [4th Dept 2013], lv denied 22 NY3d 997 [2013]).
The sentence is not unduly harsh or severe.
Entered: May 1, 2020
Mark W. Bennett
Clerk of the Court