People v Lora (2021 NY Slip Op 01597)





People v Lora


2021 NY Slip Op 01597


Decided on March 19, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 19, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., CARNI, NEMOYER, WINSLOW, AND BANNISTER, JJ.


232 KA 17-00058

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
RUTH M. LORA, DEFENDANT-APPELLANT. 






TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DREW R. DUBRIN OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LISA GRAY OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 21, 2016. The judgment convicted defendant upon a jury verdict of kidnapping in the second degree (two counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree and dismissing counts 28, 30, and 32 of the indictment against her and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting her upon a jury verdict of two counts of kidnapping in the second degree (Penal Law § 135.20) and one count each of criminal use of a firearm in the first degree (§ 265.09 [1] [a]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]). Contrary to defendant's contention, the evidence is legally sufficient to support her conviction of kidnapping in the second degree as an accomplice. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant had "a shared intent, or 'community of purpose' with the principal[s]" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016], quoting People v Cabey, 85 NY2d 417, 421 [1995]). Based on the evidence adduced at trial, it is reasonable to infer that defendant was aware that the victims were being held at a house in which she was present and that she intentionally aided the principals by providing them and the victims with food (see generally § 20.00). A defendant's intent
" 'may be inferred from [his or her] conduct as well as the surrounding circumstances' " (People v Metales, 171 AD3d 1562, 1563 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], quoting People v Steinberg, 79 NY2d 673, 682 [1992]) and, in this case, the evidence established that defendant sent text messages to a codefendant, Inalia Rolldan (see People v Rolldan, 175 AD3d 1811 [4th Dept 2019], lv denied 34 NY3d 1081 [2019]), close in time to defendant's arrival at the house, warning Rolldan to not use real names and suggesting that something nefarious was taking place. It is also a reasonable inference that, later in the evening, defendant left the house to procure more food. In addition, viewing the evidence in light of the elements of kidnapping in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
We agree with defendant, however, that the evidence is legally insufficient to support her conviction of the counts of criminal use of a firearm in the first degree, criminal possession of a [*2]weapon in the third degree, and criminal possession of a weapon in the fourth degree, and we therefore modify the judgment accordingly. Those counts were based on defendant's constructive possession of a rifle that was found in the house after the police entered. The People failed to establish that defendant "exercised dominion or control over [the rifle] by a sufficient level of control over the area in which [it was] found" to establish that she had constructive possession of it (People v Everson, 169 AD3d 1441, 1442 [4th Dept 2019], lv denied 33 NY3d 1068 [2019] [internal quotation marks omitted]). Rather, as was the case with codefendant Rolldan, the People established nothing more than "defendant's mere presence in the house where the weapon [was] found" (Rolldan, 175 AD3d at 1813).
Entered: March 19, 2021
Mark W. Bennett
Clerk of the Court