People v Alcaraz-Ubiles (2023 NY Slip Op 02226)

People v Alcaraz-ubiles

2023 NY Slip Op 02226

Decided on April 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, BANNISTER, MONTOUR, AND GREENWOOD, JJ.

302 KA 18-00846

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
DAVID S. ALCARAZ-UBILES, DEFENDANT-APPELLANT. 

THE ABBATOY LAW FIRM, PLLC, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Alex R. Renzi, J.), rendered December 21, 2016. The judgment convicted defendant, upon a jury verdict, of kidnapping in the second degree (two counts), criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by reversing those parts convicting defendant of criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree and dismissing counts 28, 30, and 32 of the indictment against him and as modified the judgment is affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of kidnapping in the second degree (Penal Law § 135.20), criminal use of a firearm in the first degree (§ 265.09 [1] [a]), criminal possession of a weapon in the third degree (§ 265.02 [3]), and criminal possession of a weapon in the fourth degree (§ 265.01 [2]).
Contrary to defendant's contention, the evidence is legally sufficient to support his conviction of kidnapping in the second degree as an accomplice. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the conclusion that defendant had "a shared intent, or 'community of purpose' with the principal[s]" (People v Carpenter, 138 AD3d 1130, 1131 [2d Dept 2016], lv denied 28 NY3d 928 [2016]). The People presented testimony at trial that defendant was present in the house while the victims were being held in the bedroom. Two witnesses testified that they observed defendant's codefendant take a gun from the table and place a mask on his face. One of the witnesses testified that defendant's codefendant and another man, whose face was covered by a sweatshirt and who was wielding a knife, entered the room where the victims were being held. Another witness testified that he observed defendant standing outside the door to the same room with a knife and slashing around the door. That evidence was sufficient for the jury to infer that defendant was the other man who entered the room wielding the knife and, thus, to establish that defendant had the requisite community of purpose with the principal, as well as defendant's "full knowledge of [his codefendant's] intentions" (People v Cabey, 85 NY2d 417, 421 [1995]) to keep the victims confined in a place they were not likely to be found (see Penal Law §§ 135.00 [2]; 135.20), and that defendant committed overt acts to help his codefendant accomplish that goal (see People v Lora, 192 AD3d 1488, 1489 [4th Dept 2021], lv denied 37 NY3d 973 [2021]; People v Rolldan, 175 AD3d 1811, 1812 [4th Dept 2019], lv denied 34 NY3d 1082 [2019]). In addition, viewing the evidence in light of the elements of kidnapping in the second degree as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against [*2]the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
As defendant contends and as the People correctly concede, however, the evidence is legally insufficient to support defendant's conviction of the counts of criminal use of a firearm in the first degree, criminal possession of a weapon in the third degree, and criminal possession of a weapon in the fourth degree, and we therefore modify the judgment accordingly. Those counts were based on defendant's constructive possession of a rifle that was found in the house after the police entered. As was the case with two of defendant's codefendants relative to those counts, the People established nothing more than "defendant's mere presence in the house where the weapon [was] found," which is insufficient to support the conviction on those counts (Rolldan, 175 AD3d at 1813; see Lora, 192 AD3d at 1489).
Defendant further contends that Supreme Court erred in its response to a jury note that requested a readback of the testimony of one of the People's witnesses with respect to DNA evidence relating to defendant. Insofar as defendant challenges the procedure used by the court in responding to the note, the contention is unpreserved because defendant failed to object to the court's procedure, and we decline to exercise our power to review it as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]). In contrast, defendant objected to the court's substantive response to the note and we therefore agree with defendant that he preserved his contention that the court erred by providing a summary rather than a verbatim readback of the requested testimony (see People v Rivers, 138 AD3d 1446, 1446-1447 [4th Dept 2016]; see also People v Taylor, 26 NY3d 217, 222-224 [2015]). We nevertheless conclude that defendant's contention is without merit. "[T]he court has significant discretion in determining the proper scope and nature of the response" (Taylor, 26 NY3d at 224). When reviewing the court's response to a jury note, this Court "must determine whether the court acted within the bounds of its discretion in fashioning an answer to the jury's inquiry" (id.; see People v Owens, 183 AD3d 1276, 1278 [4th Dept 2020], lv denied 35 NY3d 1068 [2020], reconsideration denied 35 NY3d 1115 [2020]). Here, we discern no abuse of discretion arising from the court's acceptance of the prosecutor's suggestion, to which defense counsel consented, that the court inform the jury that there was no testimony that defendant's DNA profile matched any of the profiles tested by the witness (see generally People v Sommerville, 159 AD3d 1515, 1516 [4th Dept 2018], lv denied 31 NY3d 1121 [2018]).
Defendant's challenge to the court's imposition of a time limit on voir dire is unpreserved for our review inasmuch as defendant failed to join in the objections of his codefendants (see People v Bailey, 32 NY3d 70, 80 [2018]; People v Brown, 28 NY3d 392, 409 [2016]). We decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]).
We have reviewed defendant's remaining contention and conclude that it does not warrant further modification or reversal of the judgment.
Entered: April 28, 2023
Ann Dillon Flynn
Clerk of the Court