■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARTHUR BROWN, Appellant. [610 NYS2d 259] —Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered January 24, 1992, convicting defendant, after jury trial, of robbery in the first degree, and sentencing him, as a persistent felony offender, to a term of 16 years to life imprisonment, unanimously affirmed.

We find no error in the trial court's summary denial of a *Wade* hearing. This case involves a police show-up at the crime scene where the risk of undue police suggestion, prompting concern for due process, does not apply. Where, as here, a robbery victim recognizes his attacker during a later face-to-face encounter which is not contrived by law enforcement officials and then directs the police to him, that spontaneous recognition is neither police-arranged nor subject to any suggestive police conduct. Thus, due process does not require that such an out-of-court identification be suppressed *(see,*

*People v Whisby,* 48 NY2d 834; *People v Logan,* 25 NY2d 184, *cert denied* 396 US 1020; *People v Dukes,* 97 AD2d 445; *cf., People v Bond,* 156 AD2d 573). Moreover, an identification to clarify for the apprehending police that they have stopped the right suspect, which immediately follows such a spontaneous recognition, is simply sound police procedure, and is likewise not subject to suppression *(People v Soto,* 198 AD2d 38; *People v Fulmore,* 133 AD2d 169, 170; *see also, People v Morales,* 37 NY2d 262, 271-272; *People v Kirkland,* 192 AD2d 414, *lv denied* 81 NY2d 1075). Concur—Ellerin, J. P., Wallach, Kupferman, Rubin and Williams, JJ.