■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN CAPEL, Appellant. [622 NYS2d 689] —Judgment, Supreme Court, New York County (Rena Uviller, J., at hearing; Daniel FitzGerald, J., at trial and sentence), rendered April 17, 1991, convicting defendant, after a jury trial, of two counts of robbery in the second degree, and sentencing him, as a second violent felony offender, to concurrent terms of 7½ to 15 years, unanimously affirmed.

Defendant's motion to suppress identification testimony was properly denied. When defendant unexpectedly appeared, and was spontaneously identified, in an apartment where the police and complainant had gone in search of the codefendant, there was no police-arranged confrontation *(People v Duuvon,* 77 NY2d 541, 546), and when the complainant immediately reconfirmed the identification in the hallway outside the apartment, this was a lawful extension of the initial identification *(People v Brown,* 203 AD2d 158, 159, *lv granted* 84 NY2d 866; *People v Soto,* 198 AD2d 38, 39, *lv denied* 83 NY2d 810).

Defendant's argument that physical evidence should have been suppressed as fruit of an unlawful warrantless entry is unpreserved, and we decline to review it in the interest of justice. Were we to review it, we would find it to be without merit. At the suppression hearing, defendant failed to meet his burden of proving that he had a reasonable expectation of privacy in the apartment *(People v Rodriguez,* 69 NY2d 159,

163), and may not now rely on trial evidence to challenge the suppression ruling *(People v Giles,* 73 NY2d 666). Concur—Murphy, P. J., Rosenberger, Nardelli and Williams, JJ.