■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE ROSA, Appellant. [743 NYS2d 400] —Judgment, Supreme Court, Bronx County (Patricia Williams, J., at hearing; Denis Boyle, J., at jury trial and sentence), rendered October 1, 1998, convicting defendant of robbery in the first and second degrees and criminal possession of stolen property in the fourth degree, and sentencing him to concurrent terms of 7 to 14 years, 6 to 12 years and 2 to 4 years, respectively, and judgment, same court (Denis Boyle, J.), rendered November 17, 1999, convicting defendant, upon his plea of guilty, of bail jumping in the first degree, and sentencing him to a consecutive term of 1 to 3 years, unanimously affirmed.

Defendant's suppression motion was properly denied. When, prior to any police contact, the victim independently recognized

defendant as the person who had robbed her the previous day and pointed him out to the police, who immediately arrested him at the same location, the victim's fortuitous station house identification of defendant, which was not arranged by the police and took place only minutes later, was not an unduly suggestive procedure (*see, People v Martindale*, 202 AD2d 158, *lv denied* 83 NY2d 912; *People v Capel*, 212 AD2d 415, *lv denied* 85 NY2d 970; *see also, People v Rodriguez*, 64 NY2d 738, 740-741; *compare, People v Brown*, 86 NY2d 728). Under these circumstances, the station house identification could not have created a substantial likelihood of irreparable misidentification.

The People were not required to give notice pursuant to CPL 710.30 of defendant's statement that he had changed his hair color the day before, made in response to a pedigree question asked as part of routine processing. Since defendant's hair appeared to the processing officer to be dyed, the officer's inquiry as to defendant's actual hair color was reasonably related to administrative concerns, and was neither intended, nor reasonably likely, to elicit an incriminating response (*see, People v Rodney*, 85 NY2d 289, *People v Espinal*, 262 AD2d 245, *lv denied* 93 NY2d 1017).

We perceive no basis for a reduction of sentence. Concur—Andrias, J.P., Saxe, Ellerin, Marlow and Gonzalez, JJ.