■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ASHANTIS WATTS, Appellant. [766 NYS2d 22] —Judgment, Supreme Court, New York County (William Leibovitz, J.), rendered June 11, 2001, convicting defendant, after a jury trial, of criminal possession of a controlled substance in the third degree and two counts of criminal possession of a weapon in the third degree, and sentencing him, as a second felony offender, to a term of 7 to 14 years, to run concurrently with two consecutive terms of $3^{1}/_{2}$ to 7 years, with a period of five years' postrelease supervision, unanimously modified, on the law, to the extent of vacating the provision for postrelease supervision, and otherwise affirmed.

Defendant claims that his oral statement, in which he admitted that his residence was the subject apartment in which the police had executed a search warrant and discovered drugs and weapons, should have been suppressed for lack of *Miranda* warnings, or precluded for lack of CPL 710.30 notice. However, these arguments are unpreserved because defendant never moved for such suppression or preclusion, and the court never decided the admissibility of this statement (*see* CPL 470.05 [2]; *People v Hines*, 289 AD2d 40 [2001], *lv denied* 97 NY2d 755 [2002]). At the suppression hearing, any mention of the statement at issue on appeal came in the context of the discussion of a completely different statement that is not at issue on appeal. We decline to review defendant's present arguments in the interest of justice. Were we to review these claims, we would find that neither *Miranda* warnings nor CPL 710.30 notice were required. Defendant's answer as to his address was pedigree information elicited through routine administrative questioning that was not designed to elicit an incriminating response (*see Pennsylvania v Muniz*, 496 US 582, 601-602 [1990]; *People v Rodney*, 85 NY2d 289 [1995]; *People v Rosa*, 294 AD2d 159 [2002], *lv denied* 98 NY2d 732 [2002]). In any event, were we to find any error in this respect, we would find it to be harmless because defendant's residence at the subject apartment was established by overwhelming evidence, including defendant's own statement to the Criminal Justice Agency.

We perceive no basis for reducing the sentence in the exercise of our discretion. However, to the extent that the sentencing minutes reflect that the court imposed a period of postrelease supervision, such provision is vacated, because postrelease supervision is not authorized in connection with indeterminate sentences (Penal Law § 70.45). Concur—Mazzarelli, J.P., Andrias, Ellerin, Friedman and Gonzalez, JJ.