■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT GATES, Appellant. [775 NYS2d 621]—

Appeal from a judgment of the Niagara County Court (Mark H. Dadd, J.), rendered July 3, 2000. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree (two counts), petit larceny and criminal possession of stolen property in the fifth degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts of burglary in the second degree (Penal Law § 140.25 [2]) and one count each of petit larceny (§ 155.25) and criminal possession of stolen property in the fifth degree (§ 165.40) for his role in two residential burglaries. Defendant failed to preserve for our review his contention that County Court's charge on recent and exclusive possession was incomplete and improper (*see People v Hoke*, 62 NY2d 1022, 1023 [1984]). Even assuming, arguendo, that defendant's contention

is preserved for our review, we conclude that, based on the whole record, including the overwhelming proof of guilt, there is no significant probability that defendant would have been acquitted but for the alleged error, and thus the error, if any, is harmless (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Defendant also failed to preserve for our review his contention that he was deprived of a fair trial by prosecutorial misconduct during opening statements, cross-examination of the defense witnesses, and summation (*see* CPL 470.05 [2]). In any event, "[w]e do not believe that the cumulative effect of the asserted instances of misconduct on the part of the prosecutor prejudiced the verdict and deprived defendant of a fair trial" and thus reversal is not required (*People v Rubin*, 101 AD2d 71, 78 [1984], *lv denied* 63 NY2d 711 [1984]).

We reject the contention of defendant that the court erred in admitting the arrest report in evidence to establish that he had blond hair at the time of his arrest because the People failed to serve a CPL 710.30 notice with respect thereto. No CPL 710.30 notice is required with respect to mere pedigree information elicited through routine administrative questioning upon arrest that is not designed to elicit an incriminating response (*see People v Watts*, 309 AD2d 628, 629 [2003]; *People v Rosa*, 294 AD2d 159, 160 [2002], *lv denied* 98 NY2d 732 [2002]). We also conclude that defendant received effective assistance of counsel (*see People v Baldi*, 54 NY2d 137, 147 [1981]).

The court properly permitted the prosecution to use the presentence report (PSR) of codefendant William LoBianco, Jr. from his conviction in connection with these crimes several years earlier to impeach LoBianco as a witness. LoBianco testified on direct examination that he committed these crimes with a different individual, but his PSR reflects that he made no such allegation to the investigating probation officer. Contrary to defendant's contention, the use of the PSR for the limited purpose of impeaching LoBianco's credibility does not violate public policy (*see People v Cohen*, 201 AD2d 494, 495 [1994], *lv denied* 83 NY2d 965, 84 NY2d 824 [1994]). We reject defendant's contentions that the conviction is not supported by legally sufficient evidence and that the verdict is against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). The proof of defendant's guilt is overwhelming. The sentence is not unduly harsh or severe. Present—Green, J.P., Hurlbutt, Gorski, Lawton and Hayes, JJ.