People v Gayot (2018 NY Slip Op 06030)





People v Gayot


2018 NY Slip Op 06030


Decided on September 12, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 12, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
ROBERT J. MILLER
HECTOR D. LASALLE, JJ.


2016-09117
2016-09119

[*1]The People of the State of New York, respondent, 
v
Andy M. Gayot, also known as Andrew Gayot, appellant. (Ind. Nos. 482-14, 462-15)


Laurette D. Mulry, Riverhead, NY (Louis E. Mazzola of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Rosalind C. Gray of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from two judgments of the County Court, Suffolk County (Barbara Kahn, J.), both rendered July 27, 2016, the first convicting him under Indictment No. 482-14 of sex trafficking (two counts), compelling prostitution, promoting prostitution in the second degree (two counts), promoting prostitution in the third degree, strangulation in the second degree, criminal obstruction of breathing, rape in the third degree (two counts), criminal sexual act in the third degree (two counts), endangering the welfare of a child (two counts), criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree, criminal possession of a controlled substance in the seventh degree (two counts), criminally using drug paraphernalia, and criminal possession of a weapon in the third degree, and the second convicting him under Indictment No. 462-15 of sex trafficking (two counts), promoting prostitution in the second degree, promoting prostitution in the third degree, criminal sexual act in the first degree (two counts), strangulation in the second degree, criminal obstruction of breathing in the second degree, assault in the second degree, assault in the third degree, petit larceny (three counts), and criminal possession of a weapon in the third degree, both after a nonjury trial, and imposing sentences.
ORDERED that the judgments are affirmed.
The defendant contends that the evidence recovered from his home should have been suppressed since there was not a proper basis for a probation search. However, this contention is unpreserved for appellate review because the defendant never moved for such suppression (see CPL 470.05 [2]; People v Watts , 309 AD2d 628, 629; People v Hines , 289 AD2d 40). We decline to review the defendant's contention pursuant to our interest of justice jurisdiction.
The record shows that defense counsel provided meaningful representation to the defendant, and, thus, he was not deprived of the effective assistance of counsel (see People v Benevento , 91 NY2d 708; People v Baldi , 54 NY2d 137).
The sentences imposed were not excessive (see People v Suitte , 90 AD2d 80).
SCHEINKMAN, P.J., RIVERA, MILLER and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court