People v Boucarut (2020 NY Slip Op 04483)





People v Boucarut


2020 NY Slip Op 04483


Decided on August 12, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 12, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
REINALDO E. RIVERA
SHERI S. ROMAN
JEFFREY A. COHEN, JJ.


2018-15151
 (Ind. No. 803/17)

[*1]The People of the State of New York, respondent,
v
Stephan Boucarut, appellant.


Bruce R. Bekritsky, Mineola, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Jason R. Richards and Monica M. C. Leiter of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Terence P. Murphy, J.), rendered November 30, 2018, convicting him of criminal contempt in the first degree and criminal trespass in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing pursuant to a stipulation in lieu of motions (Jerald S. Carter, J.), of the suppression of the defendant's statements to law enforcement officials.
ORDERED that the judgment is affirmed.
On February 22, 2016, two police officers pulled over a vehicle driven by the defendant after observing him change lanes multiple times without signaling. A check of the defendant's driver license revealed that an order of protection, which was still in effect, had been issued against him and in favor of a female (hereinafter the protected party). The officers asked the passenger in the defendant's vehicle for identification and learned that she was the protected party. After the officers asked the defendant to exit the vehicle in order to place him under arrest, the defendant fled the scene on foot. The officers pursued the defendant, but eventually lost sight of him. Another police officer found the defendant hiding in a shed in a fenced-in backyard after a call was made to the 911 emergency number reporting an intruder in the backyard, and the officer arrested him. After a jury trial, the defendant was convicted of criminal contempt in the first degree and criminal trespass in the third degree.
We agree with the Supreme Court's denial of the suppression of the defendant's statements to the arresting officer. Contrary to the defendant's contention, the People met their burden of establishing, through the testimony of one of the officers involved in the traffic stop, that the officers were justified in stopping the defendant's vehicle for a traffic infraction (see Vehicle and Traffic Law § 1163[d]; People v Watson, 163 AD3d 855, 857; People v Golden, 149 AD3d 777, 777; People v Diaz, 146 AD3d 803, 804), and there is no basis in the record to disturb the court's determination that the testimony was credible (see People v Beaupre, 170 AD3d 1031, 1032).
Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621), and drawing all reasonable inferences in the People's favor (see People v Gordon, 23 NY3d 643, 649; People v Delamota, 18 NY3d 107, 113), we find that the evidence was [*2]legally sufficient to establish the defendant's guilt of criminal contempt in the first degree beyond a reasonable doubt (see Penal Law § 215.51[c]; People v James, 135 AD3d 787, 788; People v Aveni, 100 AD3d 228, 241).
Contrary to the defendant's contention, the evidence was also legally sufficient to establish his guilt of criminal trespass in the third degree beyond a reasonable doubt (see Penal Law § 140.10[a]). We note that, at trial, defense counsel told the jury during summation that the defendant "accepts responsibility" for his conduct that forms the basis for that charge, and asked the jury "to convict him of the criminal trespass charge," instead of the criminal contempt charge.
Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15[5]; People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each of the charges of which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644).
SCHEINKMAN, P.J., RIVERA, ROMAN and COHEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court