People v Daley (2022 NY Slip Op 03247)





People v Daley


2022 NY Slip Op 03247


Decided on May 18, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2019-14582
 (Ind. No. 379/19)

[*1]The People of the State of New York, respondent,
v
Courtney Daley, appellant.


Richard M. Langone, Garden City, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Libbi L. Vilher of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Tammy Robbins, J.), rendered December 16, 2019, convicting him of criminal contempt in the first degree and operating a motor vehicle with excessively tinted windows, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
In November 2019, the defendant was convicted, upon a jury verdict, of criminal contempt in the first degree and operating a motor vehicle with excessively tinted windows arising out of the defendant's arrest after a traffic stop of the vehicle the defendant was driving. The defendant's contention that an order of protection, which was the basis of the criminal contempt charge, should have been suppressed on the grounds that the People failed to prove that the police had probable cause to stop his vehicle is unpreserved for appellate review because the defendant never moved to suppress the order of protection (see CPL 470.05[2]; People v Gayot, 164 AD3d 1259, 1259; People v Hines, 289 AD2d 40, 40) and the court never decided the legality of the traffic stop or the admissibility of this evidence (see CPL 470.05[2]; see e.g. People v Watts, 309 AD2d 628, 629). We decline to review the defendant's contention in the exercise of our interest of justice jurisdiction.
In fulfilling our responsibility to conduct an independent review of the weight of the evidence pursuant to CPL 470.15(5) (see People v Danielson, 9 NY3d 342, 348-349), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410; People v Bleakley, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt as to each of the charges for which the defendant was convicted was not against the weight of the evidence (see People v Romero, 7 NY3d 633, 643-644; People v Boucarut, 186 AD3d 617, 618).
DUFFY, J.P., CHAMBERS, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court