People v Ivri (2025 NY Slip Op 51663(U))

[*1]

People v Ivri

2025 NY Slip Op 51663(U)

Decided on October 20, 2025

Criminal Court Of The City Of New York, Bronx County

Lewis, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on October 20, 2025

Criminal Court of the City of New York, Bronx County

The People of the State of New York,

against

Eli Ivri, Defendant.

Docket No. CR-028017-24BX

Defendant: The Law Office of Yifei He, 18B Panel

People: Bronx County District Attorney's Office by ADA Ashley Akl and ADA Hasan Jafri

Daniel M. Lewis, J.

On November 27, 2024, Defendant was arraigned on PL § 215.50 (3), criminal contempt in the second degree, and PL § 145.00 (1), criminal mischief in the fourth degree, both A misdemeanors punishable by up to 364 days of jail. The complaint alleges that on November 6, 2024, at approximately 1:54PM in the Bronx, Defendant damaged a painting frame and the screen of a cellphone belonging to L.S., the complaining witness. The complaint further alleges that Defendant's actions violated an order of protection issued on September 9, 2024, by Hon. Davila of Bronx Criminal Court. At arraignments, the People served CPL § 710.30 (1) (B) identification notice. On December 16, 2024, a supporting deposition was filed, and Defendant was arraigned on the information. On July 18, 2025, Hon. Mikhaleva granted Defendant's request for Wade and Rodriguez hearings.

On September 30, 2025, the date of the hearings, counsel for Defendant stated that he had also requested a Dunaway hearing in his motion papers. Counsel for Defendant then requested a Dunaway from the undersigned, but this was denied as to not infringe upon the previously rendered decision, especially when the undersigned did not review the omnibus papers. Furthermore, the record notes that counsel for Defendant received Hon. Mikhaleva's decision over two months prior on July 18, 2025, but made no motion to reargue. The undersigned proceeded to preside over the Wade and Rodriguez hearings. The People called one witness, Police Officer (PO) Akeema Thompson of the 50th Precinct. Neither the People nor Defendant offered any items into evidence. Below constitutes the Court's findings of fact and conclusions of law.

Findings of Fact

PO Akeema Thompson
PO Thompson has been a New York City police officer for fifteen years. She has been [*2]assigned to the 50th Precinct as a patrol officer for approximately five years and has effectuated close to 200 arrests. PO Thompson initially testified that on November 6, 2025, at approximately 1:54PM, she responded to a 911 call at 6016 Huxley Avenue in the Bronx. On cross-examination, PO Thompson clarified that she responded to the location on November 8, 2025, when she arrested Defendant, who she positively identified in the courtroom during the hearing. Defendant's arrest was based on allegations made by L.S. on November 6, 2025, that Defendant damaged her property.

Upon arriving to the scene, PO Thompson observed L.S. on the patio and Defendant in front of the residence. L.S. told PO Thompson that Defendant was not supposed to be at the location; that he was harassing her; and that he had broken her phone. L.S. then showed PO Thompson a video on her phone of Defendant speaking loudly and giving orders while seemingly upset. L.S. showed PO Thompson a photograph of her broken phone on her existing phone. When PO Thompson spoke to Defendant, he told her that he owns the property and must be there to clean up.

PO Thompson stated that L.S. identified Defendant at the scene by gesturing toward him with her hands and by pointing him out. At the time of the point-out, Defendant, L.S. and PO Thompson stood in front of the residence. During cross-examination, PO Thompson stated that she observed garbage on the patio of the residence, but no garbage obstructed her or L.S.'s view of Defendant. PO Thompson also characterized L.S. as "very confident" in identifying Defendant as the person who damaged her belongings.

PO Thompson stated that L.S. informed her that Defendant was her landlord; that L.S. has known him since 2013; and that L.S. has interacted with him over 100 times on the phone, via text message, over email, and in person. According to L.S., those interactions lasted anywhere between a couple minutes and an hour. They also included instances where Defendant went to L.S.'s residence or where she went to Defendant's resident to remit rent money. PO Thompson testified that L.S. stated that Defendant has been at her residence over 200 times in total.

Findings of Law
The Court finds PO Thompson to be a credible witness. It was shown during cross-examination that PO Thompson confused the date that L.S. alleged that the first incident occurred, November 6, 2024, with November 8, 2025, the date PO Thompson responded to the location. However, such a mistake is reasonable given the nominal difference between the two dates, the passage of time between the arrest date and the date of this hearing, and the somewhat complex sequence of events where Defendant was not on scene during the first reported incident but was present when the police were called again on a later date. Moreover, when confronted with the inconsistency, PO Thompson clarified the record and acknowledged the timing mistake. Thus, the Court finds that this minor error did not impact her credibility or the truthfulness of her testimony.

Here, the People timely notified Defendant of their intention to offer testimony at trial "regarding an observation of the defendant either at the time of place of the commission of the offense or upon some other occasion relevant to the case, to be given by a witness who has previously identified him" (CPL § 710.60 [4]). PO Thompson, the People's only witness, [*3]testified to information that she learned from L.S.[FN1]
Normally, when the parties are unknown, the court must conduct a Wade hearing to determine whether the previous identification of the defendant was improper (CPL § 710.60 [4]).[FN2]
However, "[i]n cases in which the defendant's identity is not in issue, or those in which the protagonists are known to one another, 'suggestiveness' is not a concern and, hence, [CPL § 710] does not come into play" (People v. Gissendanner, 48 NY2d 543, 552 [1979]).

The "'confirmatory identification' exception," is "tantamount to a conclusion that, as a matter of law, the witness is so familiar with the defendant that there is 'little or no risk' that police suggestion could lead to misidentification" (People v. Rodriguez, 79 NY2d 445, 450 [1992]). It is the People's burden to establish that the identification was confirmatory in that "the witness knows defendant so well as to be impervious to police suggestion" (id.). In Rodriguez, the Court of Appeals put forth the following factors that establish a confirmatory identification: 1) the number of times the complaining witness viewed defendant prior to the crime; 2) the duration and nature of the encounters; 3) the setting; 4) the period of time over which the viewings occurred; 5) the time elapsed between the crime and the previous viewings; and 6) whether the two had any conversations (id.).

In the instant matter, the People met their burden of establishing that L.S.'s identification of Defendant was confirmatory in that she knew Defendant sufficiently well such that her identification would be impervious to any impermissible police suggestiveness. PO Thompson testified that L.S. informed her that Defendant is her landlord of twelve years and that she has seen him over 200 times in person. These face-to-face interactions occurred at her residence and at his. Nor were all interactions minimal, as L.S. informed PO Thompson that some of these interactions lasted for an hour. L.S. also told PO Thompson that she communicated with Defendant over the phone and electronically. Additionally, the Court takes judicial notice that in an earlier, unrelated incident, L.S. was granted an order of protection against Defendant for the purposes of further establishing familiarity between L.S. and Defendant in the instant case.

Both Defendant and L.S. were present on scene, and PO Thompson testified that during her interaction with L.S., the latter showed her a video depicting Defendant, who L.S. identified as such. Nor were there physical or circumstantial impediments to L.S.'s identification. PO Thompson testified that no garbage obstructed her view of Defendant or L.S.'s line of sight to Defendant, and there was only one other bystander near Defendant. Moreover, PO Thompson characterized L.S.'s expression and degree of certainty during the identification as "very confident." Applying the Rodriguez factors, the Court finds that the People satisfied their burden of establishing the "'confirmatory identification' exception."

In any event, the identification of Defendant was not unduly suggestive. When PO Thompson arrived at the scene, L.S. proactively pointed out Defendant as the person who [*4]damaged her property. L.S. not only identified Defendant to PO Thompson on a cellphone video that she recorded, but also took the lead in identifying Defendant. As this identification was spontaneous and not arranged by the police, it was not unduly suggestive (People v. Brown, 203 AD2d 158, 158-9 [1st Dept 1994] ["spontaneous recognition is neither police-arranged nor subject to any suggestive police conduct. Thus, due process does not require that such an out-of-court identification be suppressed"]).

For the reasons outlined above and considering the factors in Rodriguez, the Court finds that the identification of Defendant by L.S. was confirmatory. Therefore, Defendant's motion to suppress the out-of-court identification is DENIED.

The foregoing constitutes the decision and order of the Court.

Dated: 20 October 2025
Bronx, New York
DANIEL M. LEWIS, J.C.C

Footnotes

Footnote 1:Defense counsel's hearsay objection was misplaced, as hearsay evidence is permissible in suppression hearings (CPL § 710.30[1][b]; People v. Terry, 224 AD2d 202, 203 [1st Dept. 1996]).

Footnote 2:This hearing derives its name from People v. Wade, 388 U.S. 218 (1967), one of the cases the Legislature was responding to in their enactment of CPL § 710 to address the problem of improperly suggestive and misleading identification procedures.